## Alinkoff v. McDonald

Before Brominski, Bigelow and Schiffman, JJ.

*Solomon Lubin*, for plaintiffs.

*James P. Harris*, for defendants.

*E. Walter Samuel,* for additional defendant.

SCHIFFMAN, J., July 6, 1964.—We presently have before us a rule to show cause why J. Franklin Robinson, M.D., should not be required to answer certain questions asked him during the course of pretrial depositions taken herein.

This is an action in trespass. A wrongful death and a survival action were initiated by plaintiffs Sidney Alinkoff as administrator and Sidney Alinkoff and Lillian Alinkoff, his wife, as the parents and survivors of a minor child, Scott David Alinkoff. The minor child was struck on May 27, 1963, on South Franklin Street, Wilkes-Barre, Pa., by a motor vehicle owned by Robert D. McDonald and being operated by his alleged agent or employe, Donald McDonald. As a result of the injuries received in this accident, the child died on May 29, 1963.

Defendants, Robert D. McDonald and Donald McDonald joined the Children's Service Center of Wyoming Valley as an additional defendant. At the time of the accident, the child was allegedly a guest of that organization and under its control. It is therefore alleged that the Children's Service Center negligently failed to properly supervise the child and that this was a contributing cause of the accident.

One of the items of damage claimed in the complaint is for the loss of decedent's earning capacity to his estate and his survivors respectively.

During the course of pretrial discovery, the original defendants elected to take the deposition of Dr. J. Franklin Robinson, a physician employed by the additional defendant Children's Service Center, who had treated decedent.

Dr. Robinson was asked certain questions during the course of his depositions which were calculated to elicit information with regard to the physical and

mental condition of decedent, Scott David Alinkoff, not only prior to and at the time of his death, but also in regard to his probable future condition. This information apparently would have some bearing upon the anticipated loss of earning capacity pleaded as an element of damage by plaintiffs herein.

Dr. Robinson refused to answer the questions relating to the condition of the child without permission of decedent's parents. This permission was refused by counsel for plaintiffs herein. The original defendants then entered the present rule to compel the doctor to provide to defendants the information which he had gained through his examination and treatment of the child.

It should be noted at the outset that Dr. Robinson's refusal to testify was based on his concern for the feelings of the parents in this matter. He did not specifically refuse to testify for reasons of his own.

Plaintiffs argue that Dr. Robinson cannot be compelled to testify for three specified reasons.

First, plaintiffs contend that the Dead Man's Act of May 23, 1887, P. L. 158, precludes Dr. Robinson from testifying as an adverse party in interest. We need not consider the propriety of Dr. Robinson's characterization as an adverse party since the law of this Commonwealth is clear, and as plaintiffs concede, that where wrongful death and survival actions have been joined, as they have in this case, even an adverse party may testify: Dennick v. Scheiwer, 381 Pa. 200. Plaintiffs' objection to Dr. Robinson's testimony on this basis must therefore fall. We attach no moment to plaintiffs' contention that at some future time the actions might be severed and the survival action abandoned, thus rendering Dr. Robinson incompetent to testify. The record indicates the wrongful death and survival actions have been joined, and we can only base our conclusions upon what is before us.

The second reason advanced by plaintiffs upon which they conclude that Dr. Robinson may not testify is that to permit him to do so would violate the confidential relationship existing between physician and patient. Plaintiffs rely on the Act of June 7, 1907, P. L. 462, sec. 1, 28 PS §328, which renders a physician incompetent to testify in any civil action with regard to information acquired from a patient in such manner as to enable him to act in his professional capacity toward the patient, which would tend to blacken the character of the patient *except in civil cases brought by such patient, for damages on account of personal injuries.*

By its very language this act excepts civil actions for personal injuries. In addition, it has been held that the prohibition does not apply to the factual findings resulting from the physician's examination of the patient: Massich v. Keystone Coal & Coke Co., 137 Pa. Superior Ct. 541; Rearick v. Griffith, 27 D. & C. 2d 451. Furthermore, it does not appear from a study of the depositions that Dr. Robinson's testimony in response to the questions asked would blacken the character of decedent but rather would relate to his mental and physical capacity which is relevant upon the question of damages claimed in the complaint.

The final proposition relied upon by plaintiffs in order to require the exclusion of Dr. Robinson's testimony is that as an expert he cannot be compelled to testify against his wishes. This is unquestionably the law of this Commonwealth: Pa. R. C. P. 4011(f); Evans v. Otis Elevator Company, 403 Pa. 13. A reading of this rule clearly indicates specifically that it is required that the objection to giving expert testimony come from the expert witness from whom the expert opinion is sought.

We therefore conclude that Dr. Robinson may testify herein as to those facts which he discovered by

virtue of his examination and treatment of decedent. He may also state his professional conclusions based upon the facts discovered by him unless he personally specifically declines to do so.

Accordingly, we enter the following

### *Order*

Now, July 6, 1964, at 3 p.m., (EDT), the rule to show cause granted upon Sidney Alinkoff, administrator of the estate of Scott David Alinkoff, deceased; Sidney Alinkoff and Lillian Alinkoff and Dr. J. Franklin Robinson is made absolute and the said Dr. J. Franklin Robinson is directed to answer questions relative to the physical and mental condition of decedent Scott David Alinkoff, insofar as such questions are consistent with this decision.