Gustine J. Pelagatti, Philadelphia, for appellants.

Sharon M. Reiss, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and FORD ELLIOTT, JJ.

**Tuae CONTE and Joseph Conte, Appellants,**

v.

**HAHNEMANN UNIVERSITY HOSPITAL, Appellee.**

Superior Court of Pennsylvania.

Filed March 3, 1998.

OPINION PER CURIAM:

Presently before the Court is appellee Hahnemann University Hospital's ("Hahnemann") motion to quash the appeal filed by Tuae and Joseph Conte. After careful review, we grant Hahnemann's motion and quash the appeal.

In this civil action, a jury verdict was returned in favor of defendant Hahnemann and against plaintiffs Tuae and Joseph Conte. On January 24, 1997, the Contes filed a motion for post-trial relief. The trial court did not act upon this motion, and on May 27, 1997, Hahnemann filed a praecipe to enter judgment on the jury's verdict pursuant to Pa.R.C.P. 227.4(1)(b) and Philadelphia Local Rule 227(e)(3). Judgment was entered by the prothonotary that same date. The Contes filed a motion to strike judgment,

which was denied by the trial court on September 4, 1997. This appeal followed.

Pa.R.C.P. 227.4 provides in pertinent part:

[T]he prothonotary shall, upon praecipe of a party:

(1) enter judgment upon the verdict of a jury or the decision of a judge, following a trial without jury, or enter the decree nisi as the final decree, if

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.

Pa.R.C.P. 227.4(1)(b). The Rules of Civil Procedure governing post-trial practice were amended to allow the parties to minimize post-trial delay. Pa.R.C.P. 227.1 (Explanatory Comment—1995). Rule 227.4(1)(b) is optional with the parties; they may await the decision of the trial court or move the case along. *Id.* The judgment entered pursuant to Rule 227.4(1)(b), is effective as to all parties and all issues. *Id.* Reconsideration is strictly prohibited and the case is ready in its entirety for the appellate process. *Id.*

In view of the language of Rule 227.4(1)(b) and the explanatory comment, it is clear that once the requisite 120 day period runs and a party opts to praecipe for the entry of judgment, the judgment becomes final, and immediately appealable, when it is entered on the docket. *See* Pa.R.A.P. 108(b) (date of entry of order in matter subject to Pennsylvania Rules of Civil Procedure is the day clerk makes notation in docket that notice of entry of order has been given pursuant to Pa.R.C.P. 236(b)). It is equally clear that the judgment is not subject to either reconsideration or any other motion to strike, open or vacate. The judgment in this case was docketed on May 27, 1997. The Contes failed to file an appeal within the requisite 30 day appeal period. *See* Pa.R.A.P.903 (a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is

taken). The appeal being untimely, we grant Hahnemann's motion to quash.

Appeal quashed.