Rita GIBBS, Administratrix of the Estate of Stephen Gibbs, and Rita Gibbs and Alvin Gibbs in their own right, Appellants,

v.

Dennis HERMAN, M.D., Bortin–Weiss M.D. Associates, Stephen D. Lande, Ph.D., Biohealth, George M. Simpson, M.D., The Medical College of Pennsylvania, Eastern Pennsylvania Psychiatric Institute and Hospital of the Medical College of Pennsylvania, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 24, 1998.
Filed June 19, 1998.

Barton A. Haines, Bala Cynwyd, for appellants.

Barbara S. Magen, Philadelphia, for Simpson, Medical College of Pennsylvania, Eastern Pennsylvania Psychiatric Institute and Hospital of the Medical College of Pennsylvania, appellees.

Before McEWEN, President Judge, and MUSMANNO and BROSKY, JJ.

McEWEN, President Judge:

This appeal has been taken by Rita Gibbs, as administratrix of the estate of Stephen Gibbs, and by Rita and Alvin Gibbs in their own right as the parents of Stephen Gibbs, from the judgment entered in favor of the appellees on April 28, 1997,[1] in response to the praecipe filed by counsel for appellee, George Simpson, M.D. This medical malpractice wrongful death and survival action was instituted by appellants who sought damages, including compensation for negligent infliction of emotional distress, resulting from the death, by suicide, of their 30–year-old son, who had been under the care of appellees immediately prior to his death. The jury, on December 17, 1996, following a 12–day trial, returned a verdict in favor of appellees,[2] Dr. Herman, Dr. Lande, and Dr. Simpson. Thereafter, the parties engaged in the following post-trial activity:

Appellants, on December 22, 1996, requested the **transcription of portions of the testimony** and, on December 26, 1996, filed their post-trial motion seeking a new trial based on the admission of the testimony of defense witness Dr. Sylvia Gratz.

Appellee George Simpson, M.D., on January 3, 1997, filed (1) a motion for post-trial relief requesting judgment n.o.v.,[3] and (2) a request for a court en banc to rule on the post-trial motions.

Appellee Simpson also filed, on January 3, 1997, a request for **transcription of the entire trial**, including opening remarks, closing arguments, and all discussions in chambers.

Appellants filed objections to the request for the entire transcript, but the objections were never ruled on.

Counsel for appellant on March 17, 1997, advised the court reporter of the failure to file the partial transcript of testimony, which appellant had requested, within the thirty (30) day period prescribed by Philadelphia County Local Civil Rule 227(d)(2). The request for a court en banc was denied by order dated April 8, 1997.

Prior to the completion of the notes of testimony, on April 28, 1997, 120 days after the filing of appellants' post-verdict motions, judgment was entered against appellants in response to the praecipe filed by appellee George Simpson, M.D., pursuant to Pa.R.C.P. 227.4(1)(b).

Appellants, in the appeal timely filed from the adverse judgment entered on the jury verdict in response to the praecipe of appellee, contend:

They were denied "due process of law as a result of the defendant appellee entering judgment on the 121st day after the filing of plaintiff appellants' post trial motion, because the trial court did not timely adjudicate plaintiff appellants' post trial motion";

Appellee should have been "estopped from taking advantage of Pa.R.Civ.P. 227.4(1)(b) and Phila.R.Civ.P. 227(e)(3), and entering judgment, notwithstanding (1) his own outstanding post-trial motion, as verdict winner, and (2) his request (in support of his post-trial motion) for the transcription of the entire twelve (12) day trial testimony [which] effectively served to delay the post trial proceedings and allowed him to enter judgment on the 121st day"; and

A new trial should be awarded based on the failure of the trial court to preclude the testimony of "Sylvia Gratz, D.O., an incompetent and adverse witness ... since her testimony concerning an alleged conversation solely with the decedent was (1) in

---

1. The instant appeal is timely, having been filed on May 22, 1997, within thirty (30) days of the entry of judgment.

2. The jury was not asked to consider the liability of Biohealth, the Medical College of Pennsylvania, Eastern Pennsylvania Psychiatric Institute, or Hospital of the Medical College of Pennsylvania, arising from the death of Stephen Gibbs as the trial court had earlier granted the motions

for compulsory nonsuits filed by these defendants.

3. Appellee Simpson requested judgment n.o.v., alleging that the trial court had erred when it denied his motion for a compulsory nonsuit and his motion for a directed verdict based on the Mental Health Procedures Act, 50 P.S. §§ 7101 et seq.

violation of the Dead Man's Act, and (2) inconsistent with defendant Dr. Simpson's prior pleadings, interrogatory answers and deposition testimony".

We have carefully scrutinized the record, in light of the arguments presented by appellants, and have concluded that there was neither an error of law, an abuse of discretion, or a violation of appellants' due process rights and, therefore, affirm the judgment entered on the verdict of the jury.

The first two arguments presented by appellants arise out of the interpretation and operation of Pa.R.C.P. 227.4(1)(b), a topic this Court recently addressed in *Conte v. Hahnemann University Hospital,* 707 A.2d 230 (1998):

> Pa.R.C.P. 227.4 provides in pertinent part: [T]he prothonotary shall, upon praecipe of a party:
>
> (1) enter judgment upon the verdict of a jury or the decision of a judge, following a trial without jury, or enter the decree nisi as the final decree, if
>
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.
>
> Pa.R.C.P. 227.4(1)(b). The Rules of Civil Procedure governing post-trial practice were amended to allow the parties to minimize post-trial delay. Pa.R.C.P. 227.1 (Explanatory Comment—1995). Rule 227.4(1)(b) is optional with the parties; they may await the decision of the trial court or move the case along. *Id.* The judgment entered pursuant to Rule 227.4(1)(b), is effective as to all parties and all issues. *Id.* Reconsideration is strictly prohibited and the case is ready in its entirety for the appellate process. *Id.*
>
> In view of the language of Rule 227.4(1)(b) and the explanatory comment, it is clear that once the requisite 120 day period runs and a party opts to praecipe for the entry of judgment, the judgment becomes final,

and immediately appealable, when it is entered on the docket. *See* Pa.R.A.P. 108(b) (date of entry of order in matter subject to Pennsylvania Rules of Civil Procedure is the day clerk makes notation in docket that notice of entry of order has been given pursuant to Pa.R.C.P. 236(b)).

*Conte v. Hahnemann University Hospital, supra* at 231.

As specifically noted by the Court in *Conte,* all that Pa.R.C.P. 227.4(1)(b) does is to provide an opportunity for a party to the litigation to move the case forward, so that the judgment entered on the verdict is a final, immediately appealable order.

Pa.R.A.P. 1925(a) provides that "[u]pon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found".

The learned trial court judge who presided over the jury trial in the instant case, in the opinion written after receipt of the notice of appeal, observed:

> It is clear from an examination of the record that no notes of testimony, as ordered by both plaintiff and defendant, were ever transcribed, filed or delivered within the thirty (30) day period of Philadelphia Rule 227(d)(2) or the one hundred twenty (120) day period of Philadelphia Rule 227(e)(3). Accordingly the post verdict motions filed by plaintiff on December 26, 1996, and the post verdict motions filed by defendant Simpson were never adjudicated pursuant to Philadelphia Rule 227(e)(3).

> \* \* \* \*

> It appears from a reading of both Rules in conjunction with each other, that defendant has fully complied with the procedural mandates required for the entry of judgment. The propriety of the verdict winner filing post verdict motions, ordering the entire trial transcript and then entering

judgment on the 121st day after the filing of plaintiff's post verdict motions is a matter which our appellate courts must examine and sanction. Since the disposition of the post verdict motions (of both parties) has been removed from this court's jurisdiction by the defendant's entry of judgment, this court cannot and will not comment on the issues therein presented.

The distinguished Judge Alfred J. DiBona, Jr., correctly found that appellee had properly exercised the right, created by Pa.R.C.P. 227.4(1)(b), to enter judgment where post-verdict motions were still outstanding on the 120th day after filing—a right which appellant could well have exercised, since Rule 227.4 was specifically promulgated to allow any party to the litigation to move the matter forward after the passage of 120 days.

■ However, once a judgment is entered in conformity with Pa.R.C.P. 227.4(1)(b), the practice and procedure of both the litigants and the court is identical to that where a judgment is entered after the court has ruled on post-verdict motions. Thus, the trial court, after receipt of the notice of appeal, is required to comply with Pa.R.A.P. 1925 and, addressing the issues raised in the outstanding post-trial motions or, the issues set forth by the appellant in response to a notice by the trial court pursuant to Pa.R.A.P. 1925(b), to provide this Court with "at least a brief statement, in the form of an opinion, of the reasons for the . . . rulings or other matters complained of. . . ." Pa.R.A.P. 1925(a). *See: K–B Building Co. v. Hermara Associates, Inc.,* 709 A.2d 918 (1998) ("there is nothing contained in Pa.R.C.P. 227.4 which relieves a trial court of responsibility for writing an opinion on the legal merits of the issues presented by the parties for review").

The Commonwealth Court, in a recent opinion published on September 12, 1997, addressed this precise issue:

> . . . The trial court contends that [Rule 227.4] eliminates the trial court's duty to issue an opinion pursuant to Pa.R.A.P. 1925(a). We strongly disagree.

The Pennsylvania Rules of Appellate Procedure require a trial court, upon notice of appeal from post-trial motions or other orders, to file an opinion detailing the reasons for the order or for the rulings or matters complained of, or to specify in writing the place in the record where such reasons may be found. Pa.R.A.P. 1925(a). The purpose of Rule 1925(a) is to give the appellate court a reasoned basis for the trial court's decision and to require a trial judge to consider thoroughly decisions regarding post-trial motions. *Commonwealth v. Pate,* 421 Pa.Super. 122, 617 A.2d 754 (1992), *petition for allowance of appeal denied,* 535 Pa. 656, 634 A.2d 219 (1993). While Rule 227.4 authorizes the prothonotary to enter judgments upon praecipe, it clearly does not alleviate the duty of the trial court to issue an opinion pursuant to the Rules of Appellate Procedure.

Ordinarily, the remedy for non-compliance with the Pa.R.A.P. 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court. *Pate.* Nevertheless, the record in this particular case is sufficient for appellate review and in the interests of judicial economy, we shall address the merits of Michael Baker's and Carl Baker's appeals. *See .Crum v. F.L. Shaffer Company,* 693 A.2d 984 (Pa.Super.1997); *Commonwealth v. Leighty,* 693 A.2d 1324 (Pa.Super.1997). In the future, however, we will remand for compliance with Pa. R.A.P. 1925(a) in order to have the benefit of the trial court's opinion.

*Duquesne Light Company v. Woodland Hills School District,* 700 A.2d 1038, 1045–1046 (Pa.Cmwlth.1997). *Accord: K–B Building Co. v. Hermara Associates, Inc., supra.* As we also find that the absence of a trial court opinion addressing the issue raised in this appeal will not affect our review, it is unnecessary for this Court to remand the instant case for compliance with Pa.R.A.P. 1925(a).

The sole substantive issue presented by appellants [4] is a claim of entitlement to a new trial based on the admission of the testimony

---

4. This issue was preserved via a motion *in limine,* objection at trial and inclusion of the issue in the post-trial motion filed by the appellants.

436 ■

of Dr. Sylvia Gratz. Appellants contend that Dr. Gratz's testimony was admitted in violation of the Dead Man's Rule, codified at 42 Pa.C.S. § 5930.

Section 5930 of the Judicial Code provides, in pertinent part:

> [I]n any civil action or proceeding, **where any party to a thing** or contract in action **is dead**, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, **neither any surviving or remaining party to such thing** or contract, nor any other person **whose interest shall be adverse to the said right of such deceased** or lunatic party, **shall be a competent witness to any matter** occurring before the death of said party or the adjudication of his lunacy. . . .

42 Pa.C.S. § 5930 (emphasis supplied). Pursuant to the requirements of the statute, the appellate courts of this state have repeatedly held that:

> [b]efore a witness is declared incompetent to testify under the Dead Man's Act, three conditions must exist: (1) the deceased must have had an actual right or interest in the matter at issue; (2) the interest of the witness, not simply the testimony, must be adverse to that of the decedent; and (3) a right of the deceased must have passed to a party of record who represents the deceased's interest. *Commonwealth v. DiCio*, 218 Pa.Super. 268, 270, 275 A.2d 868, 870 (1971).

*Olson v. North American Industrial Supply,* 441 Pa.Super. 598, 610, 658 A.2d 358, 364 (1995).

■ The decedent Stephen Gibbs' interests have passed to Rita Gibbs as the administratrix of his estate for purposes of the survival action, 42 Pa.C.S. § 8302, but not for purposes of the wrongful death action, 42 Pa.C.S. § 8301. *See, e.g., Huda v. Kirk,* 122 Pa.Cmwlth. 129, 132, 551 A.2d 637, 638–639

(1988), *allo. denied,* 524 Pa. 613, 569 A.2d 1371 (1989); *Linebaugh v. Lehr,* 351 Pa.Super. 135, 138, 505 A.2d 303, 304–305 (1986). While technically it would appear that the Dead Man's Rule would apply to exclude testimony adverse to the decedent's estate in the survival action, but not as to the wrongful death action,[5] the Supreme Court in *Dennick v. Scheiwer,* 381 Pa. 200, 113 A.2d 318 (1955), held the rule inapplicable to the entire action where the action has been brought as both a wrongful death and as a survival action. The Court in *Dennick* reasoned that, while technically the rule should be applied as to the survival action, but not to the wrongful death action, "[t]o tell the jury to listen to the defendant in one claim and close its ear in the other might possibly be technically correct but practically senseless." *Dennick v. Scheiwer, supra* at 202, 113 A.2d at 319. *Accord: Younginger v. Heckler,* 269 Pa.Super. 445, 449, 410 A.2d 340, 342 (1979). Thus, since the instant action involves claims under both the survival statute and the wrongful death statute, the Dead Man's Rule is inapplicable and Dr. Gratz was competent to testify.

■ Additionally, we would note that application of the rule requires that the interest of the proposed **witness** be **adverse** to the interest of the decedent's estate. "In order to be adverse the interest must be one from which the witness will either gain or lose as the direct legal operation and effect of the judgment." *Olson v. North American Industrial Supply, supra* at 610, 658 A.2d at 364, *quoting In re Estate of Gelb,* 425 Pa. 117, 119, 228 A.2d 367, 369 (1967). The witness, Dr. Gratz, has no interest in the litigation and will not gain or lose in any direct way as a result of the litigation. Thus, we conclude that the trial court properly rejected the objection to the competency of Dr. Gratz which was based on the Dead Man's Rule.

Nor is there any merit to the argument that the testimony of Dr. Gratz should have

---

**5.** The decedent's estate has no interest in the wrongful death cause of action as the wrongful death action may be brought only by specified relatives of the decedent, to recover damages in their own behalf and not. as beneficiaries of the

estate. *See: Frey v. Pennsylvania Electric Co.,* 414 Pa.Super. 535, 540, 607 A.2d 796, 798 (1992), *allo. denied,* 532 Pa. 645, 614 A.2d 1142 (1992).

been excluded based on "judicial admissions in the pleadings" and other discovery responses.

Appellants contend that the averments of paragraph 28 of their complaint and the appellees' answer thereto constitute judicial admissions, precluding any testimony by Dr. Gratz concerning an alleged conversation with Stephen on Saturday, September 15, 1990. Paragraph 28 of appellants' complaint provided:

28. Throughout the remainder of the week, Stephen's crisis worsened. Stephen, his mother and a friend reported his deteriorated condition to the physician Dr. Simpson left in charge of Stephen's care. This physician made no request to examine Stephen nor did he suggest hospitalization. The orders were to increase the Pamelor medication he was taking. Mrs. Gibbs and Stephen complied.

Mrs. Gibbs tried to remain strong and heed the advice of Dr. Simpson, "not to worry", her "son will be okay."

Appellees, in their answer, averred:

28. Denied. The identity of the alleged "physician Dr. Simpson left in charge" is not disclosed. Thus, all such allegations are denied, and defendants demand strict proof of identity, agency, employment, control and the right to control. The remaining averments are denied, because, after reasonable investigation, answering defendants lack sufficient knowledge or information to form a belief as to the averments contained in paragraph 28 of plaintiffs' complaint. Strict proof thereof is demanded at the time of trial.

█ We are unable to agree that the answer of appellees resulted in a judicial admission that Dr. Gratz did not speak with Stephen on September 15.

[T]here are two types of admissions: evidentiary and judicial. Leonard Packel and Anne Poulin, *Pennsylvania Evidence*, § 805.5 (1987). Evidentiary admissions generally refer to statements made by a party of "certain facts." *Sherman v. Franklin Regional Medical Center*, 443 Pa.Super. 112, 660 A.2d 1370 (1995), *allo. denied*, 543 Pa. 695, 670 A.2d 142 (1995),

quoting *Durkin v. Equine Clinics, Inc.*, 376 Pa.Super. 557, 569, 546 A.2d 665, 670 (1988). Judicial admissions are formal admissions which have the effect of withdrawing a fact from issue and dispensing it without the need for proof of the fact. *Durkin.* Judicial admissions are conclusive, whereas evidentiary admissions may always be contradicted or explained. *Duquesne Light v. Woodland Hills School District, supra,* 700 A.2d at 1054. Averments by a party in the pleadings "constitute binding judicial admissions, conclusive in their nature insofar as their effect is confined to the case in which they are filed." *Steinhouse v. Herman Miller, Inc.*, 443 Pa.Super. 395, 401, 661 A.2d 1379, 1382 (1995), *citing Hutchison Enterprises, Inc. v. Data Basics East, Inc.*, 345 Pa.Super. 91, 497 A.2d 659 (1985). *Accord: Rizzo v. Haines*, 520 Pa. 484, 506, 555 A.2d 58, 69 (1989).

Contrary to the argument of appellants, appellees never judicially admitted, at any place in the pleadings in this action, that Dr. Gratz did not speak with the decedent on Saturday, September 15, 1990. Thus, the objection of appellants was properly overruled.

As the arguments presented by appellants are without merit, we affirm the judgment entered on the verdict of the jury.

Judgment affirmed.