J. S82023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE J. MALO, AS AN EXECUTRIX OF THE ESTATE OF ERMA MALO, CHRISTINE J. MALO, INDIVIDUALLY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| J. BURNS, INDIVIDUALLY AND J. BURNS D/B/A J. BURNS GENERAL CONTRACTOR | : : : | |
| Appellants | : : | |
| | : | No. 436 MDA 2016 |

Appeal from the Judgment Entered May 9, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 10-CV-5496

BEFORE: OTT, DUBOW AND PLATT, JJ.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED DECEMBER 02, 2016**

Appellants, J. Burns, individually and J. Burns d/b/a J. Burns General Contractor, appeal from the February 12, 2016 Order, entered in the Lackawanna County Court of Common Pleas. Finding this appeal untimely, we quash.

A recitation of the facts of this case is not necessary to our disposition. The relevant procedural history is as follows. On August 6, 2010, Christine Malo, as Executrix of the Estate of Erma Malo ("Appellee"), filed a Complaint against Appellants raising claims of Breach of Contract, Fraud, Conversion,

---

[*] Retired Senior Judge Assigned to the Superior Court.

and violations of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* On December 18, 2012, Appellee filed a "Motion and Petition for Partial Summary Judgment and a Hearing on [Appellee's] Monetary Damages," in which Appellee asserted that the doctrine of collateral estoppel prevented Appellants from raising a defense to Appellee's claims.

On May 1, 2013, the trial court granted Appellee's Motion for Partial Summary Judgment and scheduled a hearing on damages for June 20, 2013. Appellants filed an appeal from the court's May 1, 2013 Order, which was quashed as interlocutory by this Court. *See Malo v. Burns*, No. 1006 MDA 2013 (Pa. Super. filed August 14, 2013).

On June 20, 2013, the trial court held a hearing on Appellee's damages. The parties submitted post-hearing Proposed Findings of Fact and Conclusions of Law on July 12, 2013.

On December 19, 2013, the trial court entered a verdict of $457,751.30 in Appellee's favor. Appellants filed a Post-Trial Motion on December 30, 2013, to which Appellee filed an Answer on February 3, 2014. Appellants' Post-Trial Motion was denied by operation of law on April 29, 2013, the 120th day after Appellants filed their Post-Trial Motion. *See* Pa.R.C.P. 227.4.

On May 9, 2014, Appellee filed a "Praecipe to Enter Judgment on Non-Jury Verdict of December 20, 2013." That same day, the trial court entered

final Judgment on the verdict. Appellants, now appearing *pro se*, did not file an appeal from the May 9, 2014 Entry of Judgment.[1]

Instead, on September 15, 2014, Appellants filed a pleading entitled "Brief in Support of Motion for New Trial, Motion for Reconsideration and Motion to Strike this Court's Decision," which appears to be merely a copy of Appellants' response to Appellee's Motion for Partial Summary Judgment. Appellants filed a similar pleading entitled "Brief in Support of Post[-]Trial Motions" more than one year later, on November 24, 2015. On December 14, 2015, and December 23, 2015, Appellee filed "Answers in Opposition to [Appellants'] Brief in Support of [Appellee's] Post-Trial Motion," and "Corrected Answers in Opposition to [Appellants'] Brief in Support of [Appellee's] Post-Trial Motion," to which Appellants filed a response on January 26, 2016.

On February 12, 2016, the trial court dismissed with prejudice Appellants' "dilatory motions" as "totally frivolous," and awarded Appellee $500.00 in attorney's fees. Trial Ct. Op., 2/12/16, at 2 (unpaginated). Appellants filed a Notice of Appeal on March 9, 2016. On October 13, 2016, Appellants filed a "Motion to Have Appeal Heard on Oral Argument" in this Court.

---

[1] On January 9, 2014, the trial court permitted Appellee's counsel to withdraw as counsel.

J.S82023/16

After reviewing the record, we conclude that this appeal is untimely. Following the denial by operation of law of Appellants' December 30, 2013 Post-Trial Motion, and entry of Judgment by *Praecipe* on May 9, 2014, Appellant had 30 days from which to file a Notice of Appeal. Pa.R.A.P. 903(a); **see also Conte v. Hahnemann Univ. Hosp.**, 707 A.2d 230, 231 (Pa. Super. 1998) (holding "once the requisite 120 day period runs and a party opts to *praecipe* for the entry of judgment, the judgment becomes final, and immediately appealable"). Because Appellant did not file his Notice of Appeal until almost two years later on March 9, 2016, it is untimely. Accordingly, we quash this appeal.

Appeal quashed. Motion to Have Appeal Heard on Oral Argument denied as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016

- 4 -