J-S77034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SAL'S LANDSCAPING & LAWN CARE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ARVIND DELVADIA | |
| v. | |
| HEARTHSTONE HOMES, INC. | |
| APPEAL OF: ARVIND DELVADIA | No. 2171 MDA 2015 |

Appeal from the Judgment Entered May 20, 2016
in the Court of Common Pleas of Dauphin County
Civil Division at No.: 2013-CV-01386-DJ

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED DECEMBER 12, 2016**

Appellant, Arvind Delvadia, appeals from the judgment entered in favor of Appellee, Sal's Landscaping & Lawn Care, following a non-jury trial.[1] We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the verdict entered on November 10, 2015, following the non-jury trial. However, an appeal lies from entry of final judgment. Judgment was not entered until May 20, 2016, thus Appellant's notice of appeal was prematurely filed; however, this court will address the appeal because judgment has been entered on the verdict. **See Harvey v. Rouse Chamberlin Ltd.**, 901 A.2d 523, 524 n.1 (Pa. Super. 2006). We have corrected the caption accordingly.

We take an abbreviated factual and procedural history in this matter from the trial court's February 29, 2016 Rule 1925(a) opinion. On November 10, 2015, the court conducted a non-jury trial, during which neither Appellant, nor his counsel, were present. Following trial, the court found that Appellee was initially a subcontractor hired to provide landscaping for Appellant's residence; however, Appellant and Appellee entered into a subsequent direct contractual relationship for additional work. The court found that Appellant failed to pay Appellee for the additional work, and accordingly, awarded judgment in Appellee's favor in the amount of $5,062.85.

On December 10, 2015, Appellant filed both a motion for post-trial relief and a notice of appeal from the non-jury verdict.[2] The court entered final judgment on May 20, 2015, pursuant to Rule of Civil Procedure 227.4(1)(b), which provides for entry of judgment when post trial motions are filed, but not disposed of within one hundred twenty days. *See* Pa.R.C.P. 227.4(1)(b); ***Gibbs v. Herman***, 714 A.2d 432, 435 (Pa. Super. 1998) ("[O]nce a judgment is entered in conformity with Pa.R.C.P.

_____

[2] By order of May 12, 2016, this Court directed Appellant to show cause as to why this appeal should not be quashed because his post-trial motions remained pending. On May 20, 2016, Appellant filed a praecipe for entry of final judgment. On May 25, 2016, this Court discharged the show cause order and referred the issue to the merits panel. Because final judgment was entered pursuant to Pa.R.C.P. 227.4(1)(b), we decline to quash Appellant's appeal as interlocutory.

227.4(1)(b), the practice and procedure of both the litigants and the court is identical to that where a judgment is entered after the court has ruled on post-verdict motions.").

Although Appellant challenges the verdict and judgment entered following the November 10, 2015 non-jury trial, he has failed to ensure that the certified record includes a transcript of the notes of testimony from the trial.[3]

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). Accordingly, all of Appellant's issues are waived.

Judgment affirmed.

_____

[3] Although not required to do so, we contacted the trial court seeking a copy of the non-jury trial transcript and were notified that there are no transcripts filed in this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016