J-A17040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEO J. DOLAN, JR. AND CHERIE M. DOLAN, H/W | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : : | |
| v. | : : : | |
| HURD MILLWORK COMPANY, INC., BENTLEY HOMES, LTD., GARVIN MITCHELL CORPORATION, CHADWELL ASSOCIATES, L.P., CHADWELL REALTY, INC., HARRISON COMMUNITY ASSOCIATION | : : : : : : : : | |
| Appellants | : | No. 2951 EDA 2015 |

Appeal from the Judgment Entered August 26, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2005-005801

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED FEBRUARY 17, 2017**

Appellants, Bentley Homes, Ltd., Garvin Mitchell Corporation, Chadwell

Associates, L.P., Chadwell Realty, Inc., and Harrison Community Association,

appeal from the judgment entered in the Delaware County Court of Common

Pleas, in favor of Appellee, Leo J. Dolan, Jr.[1]  We vacate and remand for a

new trial on liability and damages.

The relevant facts and procedural history of this case are as follows.

In July 1999, Appellee and Cherie M. Dolan entered into an agreement of

_____

[1] Appellee and Cherie M. Dolan divorced while the case was pending in the
trial court.  As a result, Cherie M. Dolan is not a party to this appeal.
_____

*Retired Senior Judge assigned to the Superior Court.

sale with Appellants for a new custom home for the purchase price of $1,941,669.00. Settlement took place on November 10, 2000. Hurd Millwork Company, Inc. provided many of the windows used in the construction of Appellee's home. Within a year, the home developed substantial defects including air and water leaks around the windows.

On April 5, 2001, Hurd Millwork sued Appellants for unpaid invoices related to the construction of Appellee's home and other homes in the same community. Appellants filed an answer and new matter counterclaim against Hurd Millwork, which claimed Hurd Millwork provided defective windows. Appellants further claimed the defective windows provided by Hurd Millwork caused air and water leaks in numerous homes in the community. In October 2002, Appellants and Hurd Millwork entered a settlement agreement, which contained specific admissions that numerous homes in the development, including Appellee's home, suffered from extensive defects and leaks.

During the pendency of the litigation between Hurd Millwork and Appellants, Appellee experienced numerous additional problems with the home including, but not limited to, severe air and water leaks, rotted wood, and issues with the stucco wall. Appellants made some repairs to the home; however, the leaks and damage continued to worsen. Ultimately, Appellee hired a civil engineer to assess the home and determine what repairs were necessary to fix the problems with the home. The repairs and associated

costs necessary to fix Appellee's home totaled $826,695.99.

On May 24, 2005, Appellee filed a writ of summons against Appellants and Hurd Millwork. Appellee subsequently filed a complaint against Appellants and Hurd Millwork on September 6, 2005. The complaint raised the following claims against Appellants: (1) negligence; (2) breach of express and implied warranty; (3) negligent misrepresentation; (4) fraud and/or intentional misrepresentation; and (5) violations of the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). Appellee's complaint sought punitive damages against Appellants. The September 6, 2005 complaint also raised the following claims against Hurd Millwork: (1) breach of express and implied warranty; (2) negligence; and (3) products liability. On November 4, 2005, Appellants filed preliminary objections, which the court overruled on February 2, 2006. Appellants then filed an answer, new matter and cross-claim against Hurd Millwork on March 1, 2006. Appellants' cross-claim alleged Hurd Millwork was solely or jointly liable for Appellee's injuries.

On March 2, 2006, Hurd Millwork filed an answer to Appellants' cross-claim. Hurd Millwork then filed a separate answer and new matter to Appellee's complaint on March 13, 2006, as well as a cross-claim against Appellants, which alleged Appellants were solely or jointly liable for Appellee's injuries. Appellants filed an answer to Hurd Millwork's cross-claim on March 14, 2006. Appellants subsequently filed joinder complaints against

numerous other parties involved in the construction of Appellee's home. All parties then underwent settlement discussions, which resulted in the dismissal of the joined defendants from the case and a settlement agreement between Appellee and Hurd Millwork.

The case eventually proceeded to a bench trial on January 26, 2015. The only claims remaining for the court to address were Appellee's claims against Appellants and Appellants' cross-claim against Hurd Millwork. Despite the pending cross-claim, Hurd Millwork did not appear at trial. Prior to the presentation of testimony, the parties stipulated to the defective nature of the Hurd Millwork windows used in the construction of Appellee's home. Appellee then presented the only evidence at trial, which supported his claims against Appellants. Appellants did not present any evidence to rebut Appellee's claims or to prove its cross-claim against Hurd Millwork. At the conclusion of trial, the court took the matter under advisement pending the preparation of proposed findings of fact/conclusions of law by both parties. Both parties filed their respective proposed findings of fact/conclusions of law on May 20, 2015. On June 18, 2015, the court entered a general verdict in favor of Appellee and awarded Appellee $500,000.00 in damages. The court's ruling did not specifically address Appellants' pending cross-claim.

On June 26, 2015, Appellants timely filed a motion for post-trial relief, and Appellee filed a motion for delay damages on June 30, 2015. On August

19, 2015, the court denied Appellants' motion for post-trial relief. The court then granted Appellee's motion for delay damages and molded the verdict to $748,287.67 on August 21, 2015. Appellee filed a *praecipe* for entry of judgment on August 26, 2015. On September 16, 2015, Appellants timely filed a notice of appeal. The court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants did not file one. The trial court issued a conclusory three-page opinion pursuant to Pa.R.A.P. 1925(a). We remanded the case on January 13, 2017, and directed the trial court to prepare a supplemental opinion addressing all of Appellants' issues. Upon remand, the President Judge of the county court filed a "Response to Remand," which informed us that the trial judge had retired; and no one currently on the bench could prepare the supplemental opinion as ordered.

Appellants raise the following issues for our review:

> WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING DAMAGES FOR NEGLIGENCE WHERE THAT CLAIM IS BARRED BY THE GIST OF THE ACTION DOCTRINE, THE ECONOMIC LOSS DOCTRINE, AND THE STATUTE OF LIMITATIONS[?]

> WHETHER [APPELLEE] IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING DAMAGES FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES WHERE THOSE CLAIMS CANNOT BE MAINTAINED AGAINST [APPELLANTS], ARE BARRED BY THE STATUTE OF LIMITATIONS, [APPELLEE] FAILED TO PRESENT EVIDENCE OF THE TERMS OF THE EXPRESS WARRANTIES AT TRIAL, AND [APPELLEE] FAILED TO GIVE THE OPPORTUNITY TO REPAIR OR NOTICE OF THE DEFECTS FOR WHICH THE PARTY NOW SEEKS THE AWARD OF DAMAGES[?]

WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING DAMAGES FOR NEGLIGENT MISREPRESENTATION AND FRAUD/INTENTIONAL MISREPRESENTATION WHERE THOSE CLAIMS ARE BARRED BY THE GIST OF THE ACTION DOCTRINE, THE ECONOMIC LOSS DOCTRINE, AND THE STATUTE OF LIMITATIONS[?]

WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING AN AWARD OF PUNITIVE DAMAGES WHERE PENNSYLVANIA LAW DOES NOT RECOGNIZE AN INDEPENDENT CAUSE OF ACTION FOR PUNITIVE DAMAGES AND NONE OF THE CLAIMS CAN SUPPORT A CLAIM FOR PUNITIVE DAMAGES[?]

WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING DAMAGES UNDER THE [UTPCPL] WHERE THAT CLAIM CAN BE MAINTAINED, IF AT ALL, ONLY AGAINST THE SELLER AND THE FRAUDULENT OR DECEPTIVE CONDUCT UPON WHICH THE CLAIM IS BASED OCCURRED, IF AT ALL, AFTER THE PURCHASE OF THE REAL PROPERTY AT ISSUE[?]

WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING AN AWARD OF DAMAGES WHERE BY THE PARTY'S OWN ADMISSION, THE PARTY FAILED TO MITIGATE ITS DAMAGES AND RENDERED IT IMPOSSIBLE FOR THE COURT TO DETERMINE THE PROPER AMOUNT OF DAMAGES TO AWARD TO THE PARTY[?]

WHETHER THE PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING AN AWARD OF DAMAGES FOR BREACH OF CONTRACT WHERE THE PARTY NEVER [PLED] SUCH A CLAIM, DID NOT SEEK LEAVE AT TRIAL TO AMEND TO INCLUDE SUCH A CLAIM, AND ANY SUCH CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS[?]

WHETHER A DEFENDANT IS ENTITLED TO AN AWARD OF INDEMNIFICATION AND/OR CONTRIBUTION AGAINST A CO-DEFENDANT WHERE THE EVIDENCE IS CLEAR THAT THE CO-DEFENDANT'S CONDUCT CAUSED INJURY TO THE PLAINTIFF AND THE BASIS OF THE DEFENDANT'S LIABILITY TO THE PLAINTIFF IS DUE TO THE CO-

DEFENDANT'S CONDUCT[?]

WHETHER A PARTY IS PRECLUDED AS A MATTER OF LAW FROM OBTAINING DELAY DAMAGES WHERE THE UNDERLYING ACTION IS BASED UPON THE CONTRACTUAL RELATIONSHIP OF THE PARTIES TO THE LITIGATION AND DELAY DAMAGES ARE NOT AVAILABLE IN CONTRACT ACTIONS[?]

(Appellants' Brief at 6-7).

Preliminarily, we observe that upon receipt of a notice of appeal, the trial court shall file an opinion that explains the court's reasons for its decision if the reasons do not already appear of record. Pa.R.A.P. 1925(a). "The purpose of Rule 1925(a) is to give the appellate court a reasoned basis for the trial court's decision and to require a trial [court] to consider thoroughly decisions regarding post-trial motions." *Gibbs v. Herman*, 714 A.2d 432, 435 (Pa.Super. 1998). "Ordinarily, the remedy for non-compliance with [Rule] 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." *Cooke v. Equitable Life Assurance Society of the United States*, 723 A.2d 723, 727 (Pa.Super. 1999). The absence of an adequate trial court opinion poses a substantial impediment to meaningful and effective appellate review. *Jones v. Jones*, 878 A.2d 86, 90 (Pa.Super. 2005).

Instantly, the parties proceeded to a bench trial on January 26, 2015. At the conclusion of trial, the court took the matter under advisement pending the preparation of proposed findings of facts/conclusions of law by both parties. The court subsequently entered a general verdict in favor of

- 7 -

Appellee and awarded Appellee $500,000.00 on June 18, 2015. The court's decision did not explain: (1) which of Appellee's claims warranted relief; (2) whether the damages award included a punitive damages component; or (3) whether the court ruled in favor or against Appellants on their cross-claim against Hurd Millwork. On June 26, 2015, Appellants filed a motion for post-trial relief, which raised numerous, complex issues concerning all of Appellee's claims and the award of damages. The court, however, denied relief on August 19, 2015, without any explanation. After Appellants appealed, the court again failed to provide adequate explanations for its decisions in the case when it issued a three-page Rule 1925(a) opinion. Instead of clarifying its general verdict, award of damages, or denial of Appellants' post-trial motion, the trial court opinion cursorily states: (1) the evidence presented at trial was overwhelmingly in favor of Appellee; (2) the general verdict disposed of all claims; (3) the gist of the action doctrine did not bar Appellee's negligence claim; and (4) the award of delay damages was appropriate under the circumstance of the case. On January 13, 2017, we remanded the case to the trial court to prepare a supplemental opinion. Our remand order included a list of specific items the court was to address in the supplemental opinion.

Upon remand, the President Judge of the county court filed a "Response to Remand," which informed us that the trial judge had retired; and no one currently on the bench could prepare the supplemental opinion

as ordered. Because the trial judge failed to explain his decision throughout this case and is no longer on the bench to give us the information necessary for our review, the record remains insufficient for us to address Appellants' claims. Specifically, we cannot determine (1) which of Appellee's claims warranted relief; (2) what type of damages the court awarded Appellee; (3) the amount of each type of damages awarded Appellee; (4) whether the court ruled in favor or against Appellants on their cross-claim against Hurd Millwork; and (5) the reasons for the court's general denial of Appellants' motion for post-trial relief. Therefore, the best resolution of this appeal is to vacate the judgment and remand for a new trial on liability and damages. Accordingly, we vacate and remand for further proceedings.[2]

Judgment vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017

---

[2] The unforeseen circumstances surrounding resolution of this appeal put the parties in a unique position that could inspire and motivate a settlement.

- 9 -