J-S54016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE LEONARD | |
| Appellant | No. 1943 WDA 2016 |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004286-2012

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                  FILED  NOVEMBER 6, 2017

Tyrone Leonard appeals from the November 30, 2016 order entered in the Allegheny County Court of Common Pleas denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On March 7, 2014, Leonard pled guilty to third-degree murder and aggravated assault.[1]  That same day, the trial court sentenced Leonard to an aggregate term of 23 to 50 years' incarceration.  Leonard did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a) and 2702(a)(1), respectively.

On March 12, 2015, Leonard filed a timely first PCRA petition. On March 18, 2015, the PCRA court appointed counsel and scheduled a status conference. On March 22, 2016, Leonard filed another pro se PCRA petition. On March 30, 2016, the PCRA court, noting that the status conference had never occurred,[2] directed PCRA counsel to take "whatever action she deems appropriate" by April 19, 2016. On June 29, 2016, after receiving an extension of time, counsel filed an amended PCRA petition. On November 30, 2016, the PCRA court held a hearing, after which it denied Leonard's petition. On December 21, 2016, Leonard timely filed a notice of appeal.

Leonard raises one issue on appeal: "The PCRA Court erred in denying relief, because plea counsel was ineffective in failing to withdraw the guilty plea as requested where Mr. Leonard did not understand the sentence he would receive, resulting in an unlawfully induced guilty plea." Leonard's Br. at 5.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa.Super. 2011). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." Commonwealth v. Melendez-Negron, 123 A.3d 1087, 1090 (Pa.Super. 2015).

_____

[2] The record does not reveal why the status conference was not held.

- 2 -

Leonard asserts a claim of plea counsel ineffectiveness. To prevail on ineffective assistance of counsel claims, "[the PCRA petitioner] must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011). "The law presumes counsel was effective." Commonwealth v. Miner, 44 A.3d 684, 687 (Pa.Super. 2012). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." Commonwealth v. Williams, 980 A.2d 510, 520 (Pa. 2009).

Leonard argues that his plea counsel was ineffective for failing to file a motion to withdraw Leonard's guilty plea. According to Leonard, his plea was involuntarily and unknowingly entered because: (1) he did not understand the charges to which he was pleading guilty; (2) he did not understand the range of potential sentences; (3) he did not know that the trial court was not bound by the plea agreement; and (4) the trial court did not conclude that there was an adequate factual basis for his plea. Leonard asserts that his counsel was ineffective for inducing him to enter a plea without this vital information.

"Counsel may be deemed ineffective for failing to file a motion to withdraw guilty plea." Commonwealth v. Gonzalez, 840 A.2d 326, 331 (Pa.Super. 2003) (en banc). "However, counsel can hardly be deemed ineffective unless he/she is aware that grounds for withdrawal exist." Id. "[A]

defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." Commonwealth v. Muhammad, 794 A.2d 378, 383 (Pa.Super. 2002) (quoting Commonwealth v. Stork, 737 A.2d 789, 790 (Pa.Super. 1999)). To determine whether a defendant acted knowingly, intelligently, and voluntarily

> we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

Muhammad, 794 A.2d at 383-84 (internal citations and quotation marks omitted). Defendants who plead guilty are "bound by [their] statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." Id. at 384.

We conclude that Leonard's claim is meritless.[3] Leonard, with the assistance of counsel, completed and signed a lengthy written guilty plea

_____

[3] The extent of the trial court's explanation for denying PCRA relief was set out in its order, which provided as follows:

colloquy, upon which Leonard's negotiated sentence was written. In that colloquy, Leonard acknowledged that he understood the nature of the charges to which he was pleading, Written Plea Colloquy, 3/7/14, ¶¶ 6-8, that he

_____

> AND NOW, this 30th day of November, 2016, the Court held its hearing yesterday. Both Mr. Leonard and his trial lawyer testified. They offered competing versions of the key issues. The Court was forced to make a credibility determination. The Court chose to believe the version of events authored by the trial lawyer. As said at the hearing, the PCRA petition IS DENIED.
>
> This is a final order and Mr. Leonard does have the right to appeal to our Superior Court. If he chooses to do so, he must file a Notice of Appeal no later than 30 days from the docketing date of this order.
>
> While he has the right to appeal, the mountain he must climb is very tall. The case was a simple choice of who to believe. Trial Courts – because of their physical proximity to the witnesses – are the best determiner of facts. That is exactly what was done here.

Order, 11/30/16. The PCRA court's opinion, which referred us to the above order, neither provided more detailed reasoning nor referenced where its reasoning could be found in the record. Nor did our review of the record reveal any further reasoning. We remind the PCRA court that Pennsylvania Rule of Appellate Procedure 1925(a) requires lower courts to "file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a). "Ordinarily[,] the remedy for non-compliance with [Rule] 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." Cooke v. Equitable Life Assur. Soc'y of U.S., 723 A.2d 723, 727 (Pa.Super. 1999) (quoting Gibbs v. Herman, 714 A.2d 432, 435 (Pa.Super. 1998)). However, because "the record in this particular case is sufficient for appellate review . . ., in the interests of judicial economy[] we shall address the merits . . . of [this] appeal[]." Gibbs, 714 A.2d at 435 (quoting Duquesne Light Company v. Woodland Hills Sch. Dist., 700 A.2d 1038, 1045-46 (Pa.Cmwlth. 1997)).

understood the maximum sentences for his convictions, id. ¶ 44, and that the trial court was not bound by the guilty plea, id. ¶ 58. At the PCRA hearing, plea counsel testified that he and Leonard "discussed the potential range of sentences if [Leonard] did not plead guilty" and "what the agreed upon sentence would be." N.T., 11/29/16, at 21. Further, it is evident from the trial court's comments during the plea hearing that it accepted the factual basis for the plea presented by the Commonwealth. N.T., 3/7/14, at 12. While it is true that the trial court did not ask Leonard about these issues in its oral colloquy, Leonard acknowledged on the record that he had completed and signed the written colloquy and had no questions of counsel or court about anything in the written colloquy. Id. at 4. Accordingly, we conclude that Leonard knowingly, intelligently, and voluntarily entered his plea.

Because Leonard's plea was valid, his ineffectiveness claim lacks merit. Therefore, the PCRA court properly denied the PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2017

- 6 -