Dennick, Admrx., Appellant, *v.* Scheiwer.

Argued March 22, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Gerald J. Weber,* with him *John M. McLaughlin* and *Blass, Weber & Pfadt,* for appellant.

*A. Grant Walker,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 18, 1955:

In this action for trespass the plaintiff declared (a) for damages under the Death Statute of 1851, P. L. 669, 12 PS §1601, and (b) for damages on a survival action. The verdict was for the defendant. The case for the plaintiff consisted in (1) circumstantial evidence, which of course was for the jury, and (2) alleged admissions of the defendant made by him to police officers at the scene of the accident. The defendant denied the testimony of the officers. The plaintiff asked for a new trial on the ground that the defendant was permitted to testify generally, i.e. was a competent witness, which was refused.

The defendant was a competent witness generally. The Act of June 11, 1891, P. L. 287, section 1, 28 PS §325, is not applicable to the present facts. The Act of May 23, 1887, P. L. 158, section 5, clause [e], 28 PS §322, begins with the words, "Nor, where any party to a thing or contract in action is dead . . . and his right thereto or *therein has passed* . . . by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing . . . be a competent witness to any matter occurring before the death of said party . . ." (Italics supplied). The plaintiff declared, inter alia, under the Death Statute, and under that Act defendant is a competent witness, for the reason that the action of wrongful death is not for damages sustained by the decedent but for damages sustained by the plaintiff by reason of the decedent's death:

*Mann v. Weiand,* 81\* Pa. 243, 256, 257; *State of Missouri ex rel. William Thomas v. Charles H. Daues et al., Judges of St. Louis Court of Appeals, (Mo.),* 283 S. W. 51, 45 A.L.R. 1466. While *Mann v. Weiand* was decided under the Competency of Witness Act, 1869, P. L. 30, the reasoning is still applicable to the Act of 1887, supra, and the Act of 1891, P. L. 287, 28 PS §325. The court below well said: "To tell the jury to listen to the defendant in one claim and close its ear in the other might possibly be technically correct but practically senseless."

Judgment affirmed.