410 A.2d 340

**Jeannette YOUNGINGER, Administratrix of the Estate of Albert W. Younginger, Deceased**

**v.**

**George P. HECKLER, Jr., Defendant,**

**and**

**Clare Conricode, Additional Defendant.**

**Appeal of Rose Marie HECKLER, a/k/a Rose Marie Griess.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1978.

Filed Sept. 14, 1979.

Richard T. Abell, Ambler, for defendant.

Benjamin E. Zuckerman, Norristown, for defendant Conricode.

No brief filed on behalf of appellee Younginger.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

VAN der VOORT, Judge:

This is a trespass action involving survival and wrongful death claims brought by the Administratrix of the Estate of Albert W. Younginger (hereinafter, the plaintiff) against appellant, George P. Heckler, Jr., (hereinafter Heckler). Heckler joined Clare Conricode, (hereinafter, Conricode), as an additional defendant, but subsequently died and his widow, as administratrix of his estate, was substituted for him. Plaintiff has taken the depositions of the additional defendant, Conricode, a police officer and two witnesses to the accident in which Younginger was killed. No depositions, affidavits or testimony of any sort was taken by or on behalf of Heckler. The additional defendant, Conricode, filed a Motion for Summary Judgment, which the trial court granted, dismissing the complaint against Conricode by an Order dated February 16, 1978. The administratrix of Heckler, the original defendant, has appealed from that Order. The plaintiff has not appealed.

The appellant's objection to the Order is based on two arguments: (1) that it was error to consider the testimony of Conricode because Heckler's death makes Conricode's testimony incompetent under the so-called dead man's rule; and (2) that the credibility of the witnesses whose depositions were the basis of the court's order of dismissal should have been submitted to a jury. We find no merit in either contention.

The accident out of which this suit arose occurred about 6:30 P.M. on December 5, 1975 on a four-lane highway in Montgomery County known as Moreland Road. It was dark at the time and the highway was dimly illuminated from the lights of a nearby service station. The decedent, Albert W. Younginger, wearing dark green clothes, undertook to walk across this thoroughfare at a point about one hundred feet from the nearest pedestrian walkway which was at a highway intersection controlled by traffic lights. A double yellow line divided the two lanes of traffic which were east bound from the two lanes which were west bound but there was no barrier or space between the east bound and the

west bound traffic lanes. Traffic was reasonably heavy and cars were using all four lanes of the highway. When Younginger arrived at the middle of the highway, he stopped near the double yellow dividing line about a foot within the east bound lane of traffic. At this time, Heckler was driving east on the highway in the left lane and Conricode was driving west in her left lane. She was proceeding under the speed limit and at a reasonable rate of speed. She observed Younginger standing near the middle of the highway when she was about five car lengths from him and slowed her vehicle and applied her brakes in response to this observation. At that time, there was traffic in both west bound lanes.

While thus standing slightly within the east bound lane of traffic, Younginger was struck by the vehicle driven by Heckler. This impact caused Younginger to be thrown across the double yellow line dividing east and west bound traffic into the path of the Conricode car. He was struck by the Conricode vehicle and dragged under it some twenty-six feet before the car was brought to a stop. He was dead when removed from under the Conricode vehicle.

There was no evidence in contradiction of this testimony which was taken on the plaintiff's depositions from Conricode, two eye witnesses who were riding in an automobile immediately behind her car at the time of the accident, and a patrolman who reached the scene of the accident within a couple of minutes after its occurrence.

◼ Appellant, Heckler, contends that Conricode's testimony was inadmissible as against the appellant under the so-called dead man's rule and that reversible error was committed in considering it. The dead man's rule as embodied in the Act of May 23, 1887, P.L. 158 § 5(e), 28 P.S. § 322, provides that where any party to a thing or contract in action is dead and his right has passed to a party on the record who represents his interest in the subject in controversy, then any surviving or remaining party to the transac-

tion, or any other party whose interest is adverse to the decedent is not a competent witness in any matter occurring before the death of that party. This is an exception to the general rule that no "interest, or policy of law . . . shall make any person incompetent as a witness". Act of May 23, 1887, P.L. 158 § 4, 28 P.S., § 314. Competency of a witness is the rule and incompetency the exception. *Hendrickson Estate*, 388 Pa. 39, 44, 130 A.2d 143, 146 (1957).

The dead man's rule has been held not to apply to an action brought as both a wrongful death and a survival action. *Dennick v. Scheiwer*, 381 Pa. 200, 113 A.2d 318 (1955). The court reasoned that the defendant was a competent witness in the wrongful death action because it was not brought for damages sustained by the decedent but for damages sustained by the plaintiff by reason of the decedent's death, and that while the act would appear to apply to that portion of the claim which was the survival action, "[t]o tell the jury to listen to the defendant in one claim and [to] close its ear in the other might possibly be technically correct but practically senseless". (381 Pa. at p. 202, 113 A.2d at p. 319).

Despite this ruling, the appellant contends that the dead man's rule should apply to bar consideration of Conricode's testimony because of Heckler's death. We think not for several reasons.

Conricode's testimony was taken on a deposition initiated by the plaintiff. Her testimony with respect to her liability to the plaintiff both in the death claim and as a survival action is competent as between herself and the plaintiff, both because the plaintiff called her as a witness, 28 P.S. 381, and because of the ruling in *Dennick*, supra, that the dead man's rule has no application to an action in which both a death claim and a survival action are asserted.

This is a litigation between the plaintiff and two defendants. Conricode and Heckler are not adversaries but joint

defendants, each liable to the plaintiff, if to anyone, but not to each other. The plaintiff might obtain a judgment against either or both of the defendants, and in the latter event the issue of contribution between the defendants would arise. It is not before us now.

Conricode's testimony is not being offered in a dispute between her and Heckler. The challenged testimony dealt only with Conricode's conduct at the scene of the accident and her negligence or lack of it. It did not address itself at any point to the conduct or liability of her co-defendant, Heckler, either to the plaintiff or to Conricode. It was concerned solely with Conricode's responsibility to the plaintiff.

Conricode's Motion for Summary Judgment put at issue whether the plaintiff had any basis for asserting a claim against Conricode, and if she did not, the issue of contribution between the defendants will not arise. Appellant's contingent interest in that issue is too remote to bring the dead man's rule into play upon her behalf, *Gaston Estate*, 361 Pa. 105, 108–9, 62 A.2d 904, 906 (1949), even if the ruling in *Dennick* were not controlling.

■ Appellant's second contention is that the credibility of the witnesses whose depositions were the basis of the court's order of dismissal should have been submitted to a jury, citing *Nanty-Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). However, this contention overlooks Rule 1035 of the Pa.R.C.P. which establishes our summary judgment procedure for determining whether or not there is an issue of fact to be decided. The rule authorizes any party to move for a summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any. The adverse party may obtain opposing evidence by deposition, interrogatories or affidavit. An adverse party may not rest on the mere allegations or denials of his pleadings, but must respond by evidence which

sets forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if otherwise appropriate, may be entered against him. The court's responsibility is not to decide a disputed issue of fact, but to determine whether there is a genuine issue as to any material fact. If not, the moving party is entitled to a judgment as a matter of law.

The appropriate applicability of the summary judgment procedure to a case like the one before us is well illustrated by *Pape v. Smith*, 227 Pa.Super. 80, 84–6, 323 A.2d 856, 858 (1974) where this court said:

> The plaintiff did not oppose the motion for summary judgment with affidavits, depositions, or interrogatories of his own which might show a genuine issue of fact. Failing this, unless such issue is present within the defendant's supporting affidavit and depositions, plaintiff is precluded from relying on any allegations in his complaint in an effort to propound the existence of a genuine issue of fact. (227 Pa.Super. pp. 84–85, 323 A.2d p. 858) . . . The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. (227 Pa.Super. p. 86, 323 A.2d p. 859).

Appellant did not offer any evidence in contradiction of plaintiff's depositions on which the judgment rests. Conricode told a straightforward story, fully corroborated by eye witnesses, of driving down a four-lane highway, seeing a man dressed in dark clothing standing near the double yellow line of the highway, slowing her car and applying her brakes upon seeing him, and then having the man suddenly cast in the path of her car. The plaintiff has not appealed from the summary judgment against her.

The court's function was to determine whether there was an issue of fact to be litigated concerning Conricode's responsibility for the accident. There is nothing in any of the evidence which would have supported a finding that she was

negligent. Consequently, the summary judgment in her favor was appropriate.

Affirmed.