# First Commonwealth Bank v. Olde Post Office Complex Partnership

C.P. of Lawrence County, no. 12038 of 2008.

*Justin L. McCall,* for plaintiff.
*Kirk B. Burkley* and *Scott M. Eckstein,* for defendant.

COX, *J.,* August 30, 2010—Before the court for disposition is the motion for summary judgment in mortgage foreclosure filed on behalf of the plaintiff First Commonwealth Bank, which contends that the evidence of record demonstrates that there is no genuine issue of material fact with regard to plaintiff's mortgage foreclosure action because defendant has failed to plead sufficient facts or present evidence to establish that it did not default on Note 1 and Note 2, or that those notes are invalid. Defendant filed a response in opposition to the motion for summary judgment and a brief in opposition to the motion for summary judgment in mortgage foreclosure, in which it argues the averments in plaintiff's complaint regarding Note 1 and Note 2 are conclusions of law that did not require defendant to plead or produce sufficient evidence to refute those allegations.

On May 10, 1995, defendant obtained a loan from plaintiff in the principal amount of $850,000 (Loan 1). Loan 1 was evidenced by a note dated May 10, 1995, which was executed by defendant (Note 1). Note 1 was modified on five separate occasions between June 30, 1995, and April 24, 2008, which ultimately extended the maturation date of Note 1 to April 10, 2010. As security for payment of the debt, defendant made, executed and delivered to plaintiff a mortgage (Mortgage 1) in the original principal amount of $850,000 on the premises commonly known as the Olde Post Office Complex, 15 West Washington Street, New Castle, Lawrence County, Pennsylvania (mortgaged premises). Mortgage 1 was recorded in the office of the recorder of Deeds of Lawrence County on May 10, 1995, in record book volume 1206, page 504.

Several years later, defendant obtained another loan from plaintiff on January 13, 2000, in the principal amount of $220,000 (Loan 2). Loan 2 is evidenced by a note dated January 13, 2000, executed by defendant (Note 2). As security for payment of the debt, defendant made, executed and delivered to plaintiff a mortgage (Mortgage 2) in the original principal amount of $220,000 on the mortgaged premises. Mortgage 2 was recorded in the Office of the Recorder of Deeds of Lawrence County on January 13, 2000, in record book volume 1543, page 578,

Consequently, defendant defaulted on the terms of Note 1 and Mortgage 1 and Note 2 and Mortgage 2 by failing to make the required payments. On December 11, 2008, plaintiff commenced the mortgage foreclosure action sub judice, as well as a related confession of judgment on Note 1 and Note 2 in a separate action. Defendant is in default under the terms of Note 1 and Mortgage 1 and Note 2 and Mortgage 2 for failure to pay the entire accelerated balance of Loan 1 and Loan 2. Additionally, defendant has failed to pay the entire balance of Loan 1 and Loan 2 by their respective dates of maturation of April 10, 2010, and January 13, 2010.

Under Pennsylvania law, summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.,* 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Phila. Newspapers Inc.,* 732 A.2d 648, 650-51 (Pa. Super. 1999). Pa.R.C.P. 1035.2 states:

"Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine

issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury."

In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the non-moving party and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999) The non-moving party may not rest on averments in its pleadings and must demonstrate by evidence that there exists a genuine issue for trial. *Younginger v. Heckler,* 269 Pa. Super. 445, 450-51, 410 A.2d 340, 342 (1979). If there is no response, and summary judgment is otherwise appropriate, it may be entered against him. *Id.*

In the case of a mortgage foreclosure action, pretrial disposition is proper if there is no genuine dispute that: (1) the recorded mortgage is in the specified amount, (2) the mortgage is in default, and (3) the mortgagor failed to pay interest on the obligation. *Cunningham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super 1998) (citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971)). This is true even if the mortgagor has not admitted the specific amount of indebtedness in their pleadings. *Id.*

In the instant case, the existence of Loan 1 and Loan 2 in the amounts of $850,000 and $220,000, respec-

tively, are evidenced by promissory Note 1 and Note 2. Additionally, Mortgage 1 and Mortgage 2 have been executed, notarized and duly recorded in the Office of the Recorder of Deeds of Lawrence County. Pa.R.E. 901 mandates authentication or identification as a condition precedent to admissibility. Subsection (b)(7) of that rule states:

"*(b) Illustrations.* By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule: . . .

"(7) *Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or purported public record, report, statement, or date compilation, in any form, is from the public office where items of this nature are kept."

Clearly, this court possesses the authority to recognize the existenced of publicly recorded Mortgage 1 and Mortgage 2, as provided by statute. Thus, element (1) has been satisfied as plaintiff has established the specific amounts for Mortgage 1 and Mortgage 2.

In turning to the second element, the court refers to the commercial loan note inquiries for Loan 1 and Loan 2, which are dated December 4, 2008, to determine whether the mortgage is in default. The inquiry for Loan 1 shows a current principal owed in the sum of $482,516.61, current interest due in the sum of $12,735.35, and late charges in the sum of $2,733.44, for a total balance in the sum of $497,985.40 as of December 4, 2008. Additionally, the inquiry shows that since September 10, 2008, the principal amount past due is $10,379.21 and the in-

terest past due is $10,121.89. The inquiry for Loan 2 shows a current principal owed in the sum of $114,586.02, current interest due in the sum of $2,779.45, and late charges in the sum of $661.64, for a total balance in the sum of $118,027.11 as of December 4, 2008. Additionally, the inquiry shows that since September 13, 2008, the principal amount past due is $3,402.08 and the interest past due is $2,269.54.

In reference to the document language of Note 1 and Note 2, paragraph 3 states:

"*Event of default.* Each of the following shall be an 'Event of default' hereunder: (1) the *nonpayment when due* . . . of any amount payable under this note or of any amount when due under or on any of the liabilities, or the failure of an obligor to observe or perform any agreement of any nature whatsoever with lender, including, but not limited to, those contained in the loan documents . . . ." (emphasis added)

According to the terms and conditions of Note 1 and Note 2, the mortgage was in default when defendant failed to make the required payments on each loan obligation. Moreover, plaintiff has submitted a sworn affidavit of Jeffrey S. Tomcik, assistant vice president of First Commonwealth Bank, which attests that the defendant obtained Note 1 and Mortgage 1 and Note 2 and Mortgage 2 in the abovementioned amounts. The Tomcik affidavit further attests that defendant was in default under the terms of the loan for failure to make required loan payments when due and owing. Additionally, defendant remains in default for failing to pay the entire accelerated balance of the loans. Accordingly, element (2), that the mortgage is in default, is thus satisfied.

With regard to element (3), that the mortgagor failed to pay interest on the obligation, this requirement is satisfied to the extent that the data compiled from the commercial loan note inquiries for Loan 1 and Loan 2 indicate the amount of interest past due.

Defendant has presented no substantive evidence to dispute plaintiff's motion for summary judgment in mortgage foreclosure. Furthermore, notwithstanding a conclusory brief in opposition to the motion, defendant's position is unsubstantiated and unsupported by case law. Referring to Pa.R.C.P. 1035.3:

"*Response. Judgment for Failure to Respond.* . . . [T]he adverse party *may not rest upon the mere allegations or denials of the pleadings* but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." (emphasis added)

Defendant has failed to produce any evidence of record that leads to a dispute over an issue of fact.

In an action on a note secured by a mortgage, plaintiff presents a prima facie case by showing "the execution and delivery of the [note] and its nonpayment . . . ." *CoreStates Bank N.A. v. Cutillo,* 723 A.2d 1053, 1056 (Pa. Super. 1999) (citing *Philadelphia Workingmen's Savings Loan & Building Association v. Wurzel,* 355 Pa. 86, 90, 49 A.2d 55, 57 (1946)). Where defendant does

not attempt to controvert the assertion that he failed to make payments as required under the terms of the note, the material facts cannot be in dispute. *CoreStates,* 723 A.2d at 1056.

In the instant case, plaintiff has provided ample business and public records indicating the existence of Note 1 and Mortgage 1, Note 2 and Mortgage 2 and defendant's failure to make the required payments under those obligations. For the reasons set forth in this opinion, plaintiff's motion for summary judgment in mortgage foreclosure is granted.

## ORDER

Now this, August 30, 2010, this case being before the court on July 26, 2010, for oral argument on the motion for summary judgment filed by the plaintiff, with the plaintiff, First Commonwealth Bank appearing, represented through counsel, Justin L. McCall, Esquire and the defendant, Olde Post Office Complex Partnership not appearing as its counsel, Kirk B. Burkley, Esquire telephoning the court that date to inform the court that he was unable to attend argument as he had a family emergency, but consenting to the matter proceeding that date, and after a consideration of the briefs and arguments submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for summary judgment in mortgage foreclosure filed by the plaintiff is hereby granted.

(2) The prothonotary is directed to enter judgment in favor of the plaintiff, First Commonwealth Bank, successor by merger to Peoples Bank of Western Pennsylvania, against the defendant, Olde Post Office Complex Partnership, in mortgage foreclosure for the sum of $616,012.51, plus interest, any escrow, late charges and any other amounts as authorized by the note and mortgage from December 4, 2008, including reasonable attorneys' fees and costs of collection after giving credit to defendant for all payments made since December 4, 2008, and for foreclosure and sale of the mortgaged premises.

(3) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Justin L. McCall, Esquire and Kirk B. Burkley, Esquire.