**Nationstar Mortage LLC v. Martinez**

C.P. of Lehigh County, No. 2014-C-1584

*Jennifer Frechie*, plaintiff.
*Ryan J. Durkin*, defendants.

REICHLEY, *J.*, June 10, 2015—Nationstar Mortgage, LLC, Plaintiff, filed a motion for summary judgment on March 31, 2015 in the within mortgage foreclosure action. On April 27, 2015, Angel and Maria Martinez, Defendants, by and through counsel, filed a response. On May 26, 2015, the Court heard oral argument on the motion. For the reasons set forth herein, Plaintiff's motion for summary judgment is granted.

Factual and Procedural History

Defendants are the mortgagors and record owners of the real property located at 25 East Coleman Street, Allentown, Lehigh County, Pennsylvania. On October 31, 2006, Defendants executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as Nominee for K. Hovanian American Mortgage, LLC.

On August 28, 2012, the parties to the mortgage executed and entered into a Loan Modification Agreement, which Plaintiff attached to its complaint as Exhibit "C." The agreement "amend[ed] and supplement[ed]...the

Mortgage...dated the 31st of October, 2006." (Complaint Exhibit C.) The Loan Modification Agreement was between Bank of America, N.A. and Defendants.

On April 23, 2014, Plaintiff acquired the mortgage from Bank of America. The assignment documentation, properly pled and attached to Plaintiff's complaint, made no specific reference to the Loan Modification Agreement.

Plaintiff filed its complaint on May 14, 2014. Defendants filed an Answer with New Matter on October 27, 2014, and Plaintiffs filed an Answer to Defendants' New Matter on November 11, 2014.

Plaintiff filed a motion for summary judgment on March 31, 2015. Defendants filed a response on April 27, 2015. On May 26, 2015, the Court heard oral argument on the motion, after which the Court took the matter under advisement.

This Opinion follows.

## Discussion

In passing on a motion for summary judgment, the Court must examine the record in a light most favorable to the non-moving party and resolve any doubt in his favor. *Swartley v. Hoffner*, 734 A.2d 915 (Pa. Super. 1999). The non-moving party may not rest on averments in its pleadings and must demonstrate by evidence that there exists a genuine issue for trial. *Younginger v. Heckler*, 410 A.2d 340, 342 (Pa. Super. 1979). If there is no response, and summary judgment is otherwise appropriate, it may be entered against him. *Id.* In the case of a mortgage foreclosure action, pretrial disposition is proper if there is no genuine dispute that: (1) the recorded mortgage is in the specified amount, (2) the mortgage is in default, and

(3) the mortgagor failed to pay interest on the obligation. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super 1998) (citing *Landau v. Western Pennsylvania National Bank*, 282 A.2d 335,340 (Pa. 1971)). This is true even if the mortgagor has not admitted the specific amount of indebtedness in their pleadings. *Id.*

In this case, the threshold requirements for summary judgment in mortgage foreclosure are satisfied. There is no dispute that the recorded mortgage is in the amount specified, that Defendant is in default, and that she failed to pay interest on the obligation.

In Defendants' response to Plaintiff's Motion for Summary Judgment, as well as in Defendants' New Matter, Defendants challenge Plaintiff's standing to prosecute the instant mortgage action.

The Pennsylvania Rules of Civil Procedure provide, in relevant part, that "[e]xcept as otherwise provided...all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. 2002(a). A real party in interest is a "[p]erson who will be entitled to benefits of action if successful.... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." *US Bank N.A. v. Mallory*, 982 A.2d 986, 993-94 (Pa. Super.2009) (quoting *Cole v. Boyd*, 719 A.2d 311, 312-313 (Pa. Super. 1998).

Where a mortgage is assigned, the real party in interest with standing to sue is the assignee of the mortgage. *Id.*; *see also Brown v. Esposito*, 42 A.2d 93 (Pa. Super. 1945) (indicating assignee may sue as real party in interest). In assessing a party's standing to pursue a mortgage foreclosure action, Pennsylvania courts recognize that an assignee

stands in the shoes of the assignor and assumes the rights of the assignor. *Mallory*, 982 A.2d at 994 (citing *American Society For Testing & Materials v. Corrpro Companies, Inc.*, 292 F.Supp.2d 713 (E.D.2003)). Thus, stated more plainly, the person or business entity in possession of a note has standing to enforce it. *See JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013).

Defendants' argument does not challenge Plaintiff's standing as assignee to enforce the mortgage. Instead, Defendants contend the assignment made no reference to the Loan Modification Agreement. Accordingly, Defendants argue that Plaintiff is without standing to enforce the terms of the Loan Modification Agreement, which is the operative agreement for purposes of assessing the rights and responsibilities of the respective parties in reference to the subject property.

Defendants cite no law in support of the contention that a Loan Modification Agreement must be separately assigned or otherwise specifically designated in assignment documentation in order for an assignee to have standing to seek to enforce it. Pennsylvania courts have not addressed this issue. The applicable Rule of Civil Procedure requires only that a Plaintiff plead "the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments." Pa.R.C.P. 1147(a)(1).

The parties' Loan Modification Agreement specifically provides that it "amends and supplements" the parties' mortgage. It alters certain terms of the underlying mortgage. However, it specifically leaves many of the terms of the original mortgage in place. (*See* Complaint Exhibit C, ¶ 4(a)-(b).) The April 23, 2014 assignment of the mortgage to Plaintiff functioned as an assignment of the mortgage as it then

existed because the original mortgage was a nullity by action of the Loan Modification Agreement. Absent an agreement to the contrary, a Loan Modification Agreement changes the *terms* of the mortgage agreement without changing its status. This holding is consistent with other jurisdictions. *See, e.g., CitiMortgage, Inc. v. Davis*, 2014-Ohio-3292, ¶ 16 (loan modification agreement does not change the status of the parties without specific provision to that effect).

This holding is also consistent with longstanding contract principles in the Commonwealth. Where two parties enter into a contract and subsequently modify its terms, the "modification does not displace a prior valid contract; rather, the new contract acts as a substitute for the original contract, but only to the extent that it alters it. The original contract may be abrogated in part, with the residue remaining intact." *Melat v. Melat*, 602 A.2d 380, 385 (Pa. Super. 1992) (citing *Knight v. Gulf Refining Co.*, 166 A. 880, 881 (Pa. 1933); *Egyptian Sand Real Estate, Inc. v. Polony*, 294 A.2d 799, 803 (Pa. Super. 1972)). Based on this principle, the impact of a Loan Modification Agreement is to act as a substitute for the original mortgage to the extent that it alters it. It follows that where the mortgage is assigned to an assignee, the mortgage as amended by any modification agreements into which the parties in interest entered is the version of the mortgage that is assigned. It is therefore unnecessary to specifically assign a Loan Modification Agreement alongside the assignment of a mortgage because the terms of the modification are already integrated into the original mortgage by way of substitution.

## Conclusion

Because the Defendants entered into a Loan Modification Agreement with Plaintiff's predecessor-in-interest and

the modified mortgage was subsequently assigned to Plaintiff, the Court finds that Plaintiff has standing as the real party in interest to enforce the mortgage as amended by the Loan Modification Agreement notwithstanding the absence of any specific reference to the assignment of the agreement independent of the assignment of the mortgage. Accordingly, summary judgment is GRANTED in favor of Plaintiff.

## ORDER

AND NOW, this day of June, 2015, upon consideration of Plaintiff's Motion for Summary Judgment, filed March 31, 2015, and after argument conducted thereon on May 26, 2015 at which time both parties were represented by counsel,

IT IS ORDERED Plaintiff's motion is GRANTED for the reasons set forth in the accompanying Memorandum Opinion. Judgment *in rem* is hereby granted in favor of Nationstar Mortgage, LLC and against Angel L. Martinez and Maria C. Martinez in the amount of $256,584.31 plus interest and fees from May 14, 2014 onward, and for foreclosure and sale of the mortgaged premises.