J-A17014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LINDA BONNIE SCRIPNICENCU | : | |
| | : | |
| Appellant | : | No. 3039 EDA 2016 |

Appeal from the Judgment August 18, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2014-04415

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED August 8, 2017**

Appellant, Linda Bonnie Scripnicencu, appeals from the summary judgment entered in the Bucks County Court of Common Pleas, in favor of Appellee, Federal National Mortgage Association ("FNMA"),[1] in this mortgage foreclosure action.  We affirm.

In its supplemental opinion filed June 16, 2017, the trial court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises four issues for our review:

_____

[1] On March 13, 2017, FNMA filed a "substitution of successor" pursuant to Pa.R.C.P. 2352, naming LSF9 Master Participation Trust as the successor plaintiff in this case.

_____

*Retired Senior Judge assigned to the Superior Court.

DID THE COURT COMMIT AN ERROR OF LAW BY GRANTING THE MOTION FOR SUMMARY JUDGMENT AGAINST [APPELLANT?]

DID THE COURT COMMIT AN ERROR OF LAW BY FINDING FOR [FNMA] DESPITE [ITS] FAILURE TO PRESENT PROPER PROOF OF STANDING?

DID THE COURT COMMIT AN ERROR OF LAW BY ALLOWING [FNMA] TO PROCEED EVEN WITHOUT GIVING PROPER NOTICE GIVEN THE FACT [APPELLANT'S HUSBAND] HAD PASSED AWAY?

DID THE COURT COMMIT AN ERROR OF LAW IN FINDING FOR [FNMA] DESPITE [APPELLANT'S] SOUND ARGUMENTS IN FACT AND LAW?

(Appellant's Brief at 2).

Initially we observe:

Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [its] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts

to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden.

> It is not sufficient to persuade the appellate court that it might have reached a different conclusion if…charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Lineberger v. Wyeth*, 894 A.2d 141, 145-46 (Pa.Super. 2006) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Robert O. Baldi, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (**See**

- 3 -

Supplemental Trial Court Opinion, filed June 16, 2017, at unnumbered pages 5-10) (finding: **(1)** Appellant failed to deny FNMA's allegations of default with any specificity; there is no evidence that Appellant has made requisite payments, and record contains no evidence contravening amounts FNMA alleged are due and owing; instead of factually responding to FNMA's averments of default, Appellant responded with legal conclusion that "proper" owner of note has not declared default; Appellant's response does not answer FNMA's averment that mortgage is in default; Appellant is charged with having sufficient knowledge upon which to lodge specific denial with respect to FNMA's averments of default; Appellant's general denial to default is insufficient to raise genuine issue of fact; Appellant produced no evidence by way of affidavits, interrogatories, depositions, or other substantiating documentation in support of her allegations; evidence presented shows no genuine issue of material fact and summary judgment in favor of FNMA was proper as matter of law; **(2)** FNMA produced evidence that it was holder of mortgage; specifically, FNMA alleged in its complaint that mortgage was assigned by SunTrust Mortgage, Inc. to FNMA by assignment of mortgage recorded under instrument 2013091760; FNMA produced copies of original recorded mortgage and its recorded assignment to FNMA, as well as note; Appellant's argument that FNMA cannot establish ownership of note lacks merit; note produced by FNMA in this case identifies Appellant's deceased husband as "borrower" and Buyers Home Mortgage,

Inc. as "lender"; note was endorsed by Buyers Home Mortgage without recourse to order of SunTrust; SunTrust, in turn, endorsed note without recourse in blank; note endorsed in blank becomes payable to "bearer" and may be negotiated by transfer of possession alone until specially endorsed; as negotiable instrument, note entitles holder of note to enforcement of obligation; based on FNMA's ownership of mortgage and possession of note, court properly concluded that FNMA had standing as real party in interest to bring underlying foreclosure action; **(3-4)**[2] Appellant's remaining matters are repetitious of her previously worded arguments that FNMA lacks standing and that court erred by granting summary judgment in favor of FNMA).[3] Accordingly, we affirm on the basis of the trial court's supplemental opinion.

Judgment affirmed.

_____

[2] Appellant's specific claim raised in her third question presented, regarding lack of notice, is waived for failure to preserve that claim in her Pa.R.A.P. 1925(b) statement. **See Lineberger, supra** (explaining general rule that issues not raised in Rule 1925(b) statement are waived on appeal). To the extent Appellant advances additional arguments on appeal that the trial court did not discuss in its supplemental opinion, those issues are waived for vagueness in Appellant's Rule 1925(b) statement. **See id.** (stating concise statement which is too vague to allow court to identify issues raised on appeal is functional equivalent of no concise statement at all).

[3] On July 13, 2017, this Court granted "Appellant's Emergency Motion to Stay Sheriff Sale," and temporarily stayed the sheriff's sale scheduled for July 14, 2017, pending the outcome of this appeal. Due to our disposition, we now lift the stay.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2017

### IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

Federal National Mortgage Association : No.: 2014-04415

 v. :

Linda Scripnicencu :

Case #: 2014-04415-0062 11627312

Code: 5214 Judge:35
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt Z1805712  6/16/2017 2:04:10 PM

## SUPPLEMENTAL OPINION

### I. Introduction

Defendant Linda Scripnicencu has appealed to the Superior Court of Pennsylvania this Court's Order dated August 18, 2016, granting Plaintiff's Motion for Summary Judgment wherein an in rem judgment was entered in favor of Plaintiff and against Defendant, Linda Scripnicencu, in the amount of $244,522.38, together with interest, to the date of Sheriff's Sale, and for foreclosure and sale of the mortgaged premises. We file this supplemental opinion pursuant to the Superior Court's order and the Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a).

### II. Factual and Procedural Background

Like many Mortgage Foreclosure cases, this particular case features a mortgage which had been assigned several times after the mortgage was originally created. On March 10, 2005, George Scripnicencu executed and delivered a Promissory Note to Buyers Home Mortgage, Inc., in consideration for a loan made to him by Buyers Home Mortgage, Inc., the principal loan amount of $228,000.00, plus interest. On March 10, 2005, George Scripnicencu and Linda Scripnicencu executed and delivered a mortgage to Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Buyers Home

N.B. It is your responsibility
to notify all interested parties
of the above action.

Mortgage, Inc., in consideration for the loan made to George Scripnicencu. On April 15, 2014, George Scripnicencu passed away.

On February 4, 2010, the Mortgage was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Buyers Home Mortgage, Inc. its successors and assigns to SunTrust Mortgage Inc., by an Assignment of Mortgage. The Mortgage was thereafter assigned by SunTrust Mortgage Inc. to current Plaintiff Federal National Mortgage Association, by an Assignment of Mortgage, recorded in the Office of the Recorder of Deeds for Bucks County as Instrument Number 2013091760.

Plaintiff commenced this action by filing a complaint in mortgage foreclosure on June 25, 2014.

Plaintiff filed its Motion for Summary Judgment on April 5, 2016, seeking judgment in the amount of $244,522.38. The calculations were supported by Plaintiff's Affidavit of Van Anderson, Foreclosure Specialist at Seterus, Inc., Plaintiff's authorized loan servicer. Defendant filed a response to the Motion on May 8, 2016. After studying the record, and the argument of the parties submitted in their respective briefs, the Court entered its Order granting Summary Judgment on August 18, 2016.

On September 16, 2016, Defendant filed a Notice of an Appeal. Inexplicably despite Counsel's certification of service which noted service through regular and certified mail, the undersigned did not receive said notice. The undersigned first became aware of the appeal on October 7, 2016, when the Superior Court's letter dated October 5, 2016 advising of the appeal was received by the undersigned's Chambers. Thereafter the undersigned issued an Order docketed on October 7, 2016, directing the Defendant to file a Concise Statement of Matters Complained Of no later than 21 days from the date

of the Court's Order, with the further caveat that "Any issue not properly included in the statement timely filed and served shall be deemed waived." A copy of the Court's Order was immediately transmitted to the parties' attorneys, directly from the undersigned's Chambers.

The Prothonotary sent out the order on October 12, 2016. Defendant's Concise Statement of Matters Complained was filed on November 2, 2016. Again, curiously, despite counsel's certification of service which noted service through *regular and certified* mail, the undersigned did not receive said Statement of Matters Complained of.[1] Regardless, Defendant filed a Concise Statement on November 2, 2016, the date that the statement was due. This Court did not enter the original opinion until we checked the docket on November 2, 2016 and did not see any new filings. This Court filed the opinion on November 3, 2016 without realizing that Defendant had filed their Concise Statement because it had not yet appeared on the docket.

This Court applies all best effort to insure litigants have a fair and even playing field to preserve and present issues on appeal. The litigants are expected to be truthful to the Court and to timely apprise the Court of any grounds for appeal. The Court does not accept current counsel's assertion that he sent his Statement Of Matters Complained Of to Chambers by *certified mail*. This is the second time Defendant's counsel has failed to do so in this appeal and he has a history before another Judge in our Court of Common Pleas of the same conduct. This Court invites counsel to file the certified receipt and/or proof of delivery to correct the Court's assumption if the Court is mistaken.

---

[1] Counsel's Proof of Service is also incorrectly captioned as Deutsche Bank v M. Barry Lipson, et al, Docket Number 2013-00262.

The undersigned is not the only Judge to notice counsel's perplexing history with regards to orders from the Judiciary. This Court notes two opinions by Judge Simandle of the United States District Court of New Jersey in which Counsel Joshua Thomas is admonished by the Court for his failure to follow repeated instructions.[2] A recent appeal before Judge Rubenstein of our Court of Common Pleas had the same episode of certification of service without actual service occurring. See Exhibit A, Deutsche Bank National Trust vs. Kenneth Taggart.

Because of the Defendant's failure to follow proper procedures, the Court filed its opinion on November 3, 2016, without realizing that Defendant's Concise Statement had been filed. On June 6, 2017 the Superior Court remanded this case to the undersigned in order to reach the merits of Defendant's appeal and ordered the Court to file a supplemental opinion. We file this opinion pursuant to that order.

## III. Statement of Matters Complained Of on Appeal

Defendant raises the following issues on appeal verbatim:

1. The Court committed an error by law by entering the motion for summary judgment against Defendant

---

[2] In Bounasissi v. N.Y. Life Ins. & Annuity Corp., No. CV 15-7585 (JBS/JS), 2016 WL 852483, at *2 (D.N.J. Mar. 4, 2016) the Court stated:

"...the second time in this case that Plaintiffs' counsel, Joshua Thomas, Esq., has failed to submit a brief in support of his motion for extraordinary relief, the requirement for which Mr. Thomas was previously explicitly advised in the listing of deficiencies in this Court's prior Letter Opinion. [Docket Item 9 at p. 1.] Counsel has ignored this advice. Plaintiffs' submission will not be construed as a brief because it fails to comply with L. Civ. R. 7.2(b), which requires, inter alia, a table of contents and a table of authorities, together with the party's legal arguments. The Local Civil Rules are not an invitation to parties to submit whatever papers they please; they are rules that exist for a reason, to assist the courts in the accurate and efficient adjudication of cases. Plaintiffs' counsel is hereby warned explicitly to follow all applicable procedural rules or his motions may be denied on that basis alone."
In Bounasissi v. N.Y. Life Ins. & Annuity Corp., No. CV 15-7585 (JBS/JS), 2016 WL 4697333, at *1 (D.N.J. Sept. 6, 2016) the Court stated:

"...yet Plaintiffs' counsel, Joshua Thomas, Esq., failed to even attempt to cure the deficiency. This is the third time Mr. Thomas has ignored his basic obligations under the Federal Rules of Civil Procedure in this case."

2. The Court committed an error of law by finding for the Plaintiff despite their failure to present proper proof of standing

3. The Court committed an error of law by allowing Plaintiff to proceed even without standing based on the evidence presented

4. The Court committed an error of law in finding for the Plaintiff despite Defendant's sound arguments in fact and law

For reasons which will be set forth below, the undersigned believes that the allegations of error, by the Defendant, are without merit. Based on the record presented to the Court the Plaintiff established that the Defendant defaulted under the terms of the mortgage, but in response the Defendant, through counsel, attempted to delay the entry of the judgment attempting to invoke the protection of certain legal rules, which will be discussed below.

## IV. Discussion
### a. The Court properly granted Summary Judgment

Defendant appears to argue that as a matter of law and because there was a dispute of material fact, the court erred in granting summary judgment for the Plaintiff.

Summary judgment is properly granted where the pleadings, answers to interrogatories, depositions, affidavits and admissions on file establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 98 (Pa. 1994). Mere conclusory allegations in pleadings without supporting factual evidence are not sufficient to overcome a motion for summary judgment. *Pape v. Smith*, 323 A.2d 856, 858–859 (Pa.

Super. 1974) (noting that the adverse party may not claim that the averments of their pleadings, alone, are sufficient to raise a genuine issue of fact so as to defeat a motion for summary judgment). The non-moving party has the burden of "set[ting] forth specific facts by way of affidavit or as otherwise provided in [Rule 1035], demonstrating that a genuine factual issue exists." *Liles v. Balmer*, 567 A.2d 691, 692 (Pa. Super. 1989); *Younginger v. Heckler*, 410 A.2d 340, 342 (Pa. Super. 1979) (holding that the adverse party may not rest on the mere allegations or denials of his pleadings, but must respond by evidence which sets forth specific facts showing that there is a genuine issue for trial).

In a mortgage foreclosure action, entry of summary judgment for a mortgagee is proper if there is no genuine dispute that: (1) the mortgage is in default; (2) the mortgagor failed to pay interest on the obligation; and (3) the recorded mortgage is in the specified amount. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super 1998) (citing *Landau v. Western Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971)). Further, in actions for in rem foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim. See *First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa.Super.1995) (providing that summary judgment is proper in mortgage foreclosure actions where the mortgagor admits the delinquency of his mortgage payments).

This Court's decision to grant summary judgment in favor of the Plaintiff is proper due to Defendant' admission that they are in default by failure to deny the allegation with any specificity. See Defendant's Answer with New Matter, at 9 and 10. Averments in a responsive pleading are deemed admitted when not denied specifically or by necessary

implication. Pa.R.C.P. 1029; *Cercone v. Cercone*, 386 A.2d 1, 3 (Pa. Super. 1978) (finding defendant was required to specifically deny factual allegations in complaint where defendant is in position to know truth or falsity of allegation). A general denial or demand for proof will be deemed an admission. *Id.* More specifically, in a mortgage foreclosure action, the mortgagors, aside from the mortgagee or assignee, are the only parties with sufficient knowledge to base a specific denial. *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa. Super. 426, 429, 524 A.2d 951, 952 (1987).

Defendant, in their Answer, admit paragraph 3 of the Complaint[3], specifically the identity of the surviving defendant and the legal description of the property. In Paragraph 5, Defendant admits that George Scripnicencu executed a note with Buyer's Home Mortgage. Defendant purported to deny paragraphs 9 and 10 of the Complaint[4], which aver the default and the amounts due on the Mortgage; however, there is no evidence that payments have been made and the record contains no evidence contravening the amounts due and owing. See Defendant's Answer with New Matter at 9 and 10. Defendant instead of factually responding to the averments responded with legal conclusions in her answer. Defendant answered with a legal conclusion that the proper owner of the note has never declared a default, that response however, does not answer the averment that the mortgage is in default because the payments stopped. Further making the same denial again does not answer whether the charged amounts are due on the mortgage. Accordingly, because Defendant are charged with having sufficient

---

[3] "Admitted" See Defendant's Answer with New Matter at 3.
[4] "Denied. There was never a default declared under the note by the mortgagee who is the "holder of the [Note]," a "nonholder in possession of the [Note] who has the rights of a holder," or "a person not in possession of the [Note] who is entitled to enforce the instrument pursuant to 13 P.S. §3309. Strict Proof is demanded. See Defendant's Answer with New Matter at 9 and 10.

knowledge upon which to base a specific denial with respect to averments contained in paragraphs 9 and 10 of the Complaint, a general denial is insufficient to raise a genuine issue of fact. *Cercone v. Cercone*, 386 A.2d 1, 3 (Pa. Super. 1978), *City of Philadelphia v. Hertler*, 114 475, 482, 539 A2d 468, 472 (Pa. Cmwlth. 1988).

Unlike Plaintiff, Defendant produced no evidence by way of affidavits, interrogatories, depositions or other substantiating documentation in support of her allegations. Mere allegations, without supporting evidence are insufficient to prevent summary judgment. Accordingly, this summary judgment was properly granted as the pleadings and admissions on file show there is no genuine issue of material fact and that the Plaintiff is entitled to judgment as a matter of law.

### b. Whether the Court of Common Pleas erred in holding plaintiff as having standing

Defendant argues that Plaintiff has never been the holder of the note and therefore Plaintiff does not have standing. The implication of Defendant's argument is also that the Plaintiff was not the real party in interest and lacked standing to bring this action.

In a mortgage foreclosure action, the mortgagee is the real party in interest. See *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n. 3 (Pa.Super.2010). The Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275, 16 Wall. 271, 21 L.Ed. 313 (1872). A mortgage can have no

separate existence. *Id.* When a note is paid, the mortgage expires. *Id.* On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 271 Pa. 144, 112 A. 636, 637 (1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral.").

Here, Plaintiff produced evidence that it was the holder of the mortgage. Specifically, Plaintiff alleged in its complaint that the "mortgage was assigned by SunTrust Mortgage Inc., to Federal National Mortgage Associations, by Assignment of Mortgage recorded...under Instrument 2013091760." (Complaint, 6/24/14 at ¶ 7.) Plaintiff produced copies of the original recorded mortgage and its recorded assignment to Plaintiff as well as the note. (Motion for Summary Judgment at Exhibit A-B).

Defendant's argument that Plaintiff cannot establish ownership of the note is without merit. The note produced by Plaintiff in this case identifies Defendant's deceased husband as the "Borrower" and Buyers Home Mortgage, Inc. as the "Lender." The note was endorsed by Buyers Home Mortgage without recourse to the order of SunTrust Mortgage, Inc. SunTrust Mortgage in turn endorsed the note without recourse in blank. A note endorsed in blank becomes payable to "bearer" and may be negotiated by transfer of possession alone until specially endorsed. See 13 Pa.C.S.A. §§ 3109(a), 3205(b). The note as a negotiable instrument entitles the holder of the note to enforcement of the obligation. *See* 13 Pa.C.S.A. §§ 3109(a). Because of Plaintiff's ownership of the mortgage and possession of the note, this Court properly concluded that Plaintiff had standing as a real party in interest to bring the underlying foreclosure action. Defendant has raised an allegation of error that lacks merit.

Defendant remaining matters complained of are repetitions of their previously worded arguments, specifically that no standing existed and that the Court erred in granting summary judgment as there was a dispute of material fact. This Court has addressed both the standing argument and whether a genuine dispute of material fact existed. Therefore, we find that summary judgment was properly granted.

## V. Conclusion

Thus, for all the above reasons, the Undersigned believes that Defendant's allegations of error are without merit and that the August 18, 2016 Order was entered properly.

BY THE COURT:

6/16/17
**Date**

Robert O. Baldi, J.

Copies sent to:

Marc S. Weisberg, Esquire
McCabe, Weisberg & Conway, P.C.
123 South Broad Street, Ste. 1400
Philadelphia, PA 19109

Joshua L. Thomas, Esquire
1110 Pocopson Rd
PO Box 415
Pocopson, PA  19366

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS
## BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY

    v.

KENNETH TAGGART

:
:
:
:
:
:
:
:
:
:

No. 2010-07592



Case #: 2010-07592  B09  11478648

Code: 5214          Judge:26
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: Z1671248  12/21/2016 9:56:11 AM

## OPINION

Kenneth Taggart appeals this Court's Order of October 6, 2016, granting Deutsche Bank National Trust Company's "Motion to Reinstate" their Complaint in Mortgage Foreclosure.

This matter commenced on July 27, 2010, with the filing of a Complaint in Mortgage Foreclosure by Plaintiff, Deutsche Bank National Trust Company which asserts as follows: Kenneth Taggart made, executed, and delivered a mortgage in favor of Mortgage Electronic Registration Systems on September 15, 2006 in the amount of $374,935.24, recorded in the Office of the Recorder of Bucks County, in Mortgage Book No. 5122, Page 1367. On July 13, 2010, the Mortgage was assigned to Deutsch Bank and recorded in Mortgage Book No. 6446, Page 1322. Complaint in Mortgage Foreclosure, July 27, 2010 ¶ 3.

Deutsche Bank alleges that Taggart defaulted on the Mortgage beginning on March 1, 2009 and each month thereafter. Complaint ¶ 5. At the time of the filing of the Complaint, the total amount due under the mortgage including costs was $423,253.32. Complaint ¶ 6.

On July 27, 2011, Taggart filed a "Notice of Removal" to the United States District Court for the Eastern District of Pennsylvania, alleging that his Answer raised "federal questions," primarily under the Truth in Lending Act, warranting the exercise of jurisdiction by the Federal courts. Notice of Removal, July 27, 2011.

On October 27, 2011, the Honorable Mary A. McLaughlin of the United States District Court of for the Eastern District of Pennsylvania remanded the case to the Bucks County Court of Common Pleas in a *sua sponte* written Order.

On January 7, 2013, Taggart filed a Motion for Judgment on the Pleadings by filing the requisite praecipe for judicial determination under Bucks County Local Rule 208.3. Although it appears the Motion was properly filed, it was never sent to a judge for determination.

Because no docket activity had occurred for two (2) years, on July 7, 2015, a Preliminary Case Termination Order was entered pursuant to Bucks County Administrative Rule No. 29 by the Honorable Robert O. Baldi of the Bucks County Court of Common Pleas

On August 18, 2015, Deutsche Bank filed a "Statement of Intention to Proceed" pursuant to the Pennsylvania Rules of Civil Procedure.

On September 10, 2015, the case was terminated by this Court.

On December 21, 2015, Deutsche Bank filed a Motion to Reinstate their Complaint. In their Motion, Deutsche Bank alleged that they never received notice of the September 10, 2015 Termination Order. Deutsche Bank further asserts that the delay in the underlying case was caused by Taggart's attempts to reach an agreement to cure the default upon the mortgage with Deutsche Bank. See Plaintiff's Motion to Reinstate, December 21, 2015.

The following day, On December 22, 2015, Taggart filed a "Motion for Enlargement of Time to Respond to Motion to Reinstate & Rule to Show Cause," *pro se*.

On January 12, 2016, this Court issued a Rule to Show Cause, ordering Taggart to respond to Deutsche Bank's Motion to Reinstate the Complaint on or before February 8, 2016.

On January 19, 2016, Taggart, again *pro se*, filed a "Response/Opposition to Motion to Reinstate filed by Plaintiff, Rule to Show Cause & Motion to Strike 'Motion to Reinstate'" [sic]. In his response, Taggart argues that Deutsche Bank has not timely filed its Motion to Reinstate the Complaint in Mortgage Foreclosure. See Response/Opposition to Motion, January 19, 2016.

2

On February 26, 2016, Defendant, *pro se*, inexplicably filed a "Supplemental Answer - Response (by Defendant) to: Motion to Re-Instate," reiterating his same arguments from his prior Answer.

On October 6, 2016, this Court entered an Order reinstating Deutsche Bank's Complaint in Mortgage Foreclosure.

On October 17, 2016, Defendant, now represented by counsel, filed both a Motion to Reconsider our October 6, 2016 Order and his Notice of Appeal. We note that, despite assertions to the contrary, the Notice of Appeal was never served upon this Court by Taggart's counsel. It was not until notice from the Superior Court that we learned of Taggart's appeal. We then promptly ordered a Concise Statement of Matters on November 10, 2016, to which Taggart responded on December 1, 2016.

Defendant raises the following twenty (20) repetitive issues on appeal, *verbatim*:

1. Whether the trial court erred in finding that it had subject matter jurisdiction to re-open the case.
2. Whether the trial court erred in finding that the Motion or Petition to Reinstate was properly filed pursuant to Pa Rules of Civil Procedure.
3. Whether the trial court erred in finding that the Motion or Petition to Reinstate was properly filed pursuant to Bucks County Rules of Civil Procedure.
4. Whether the trial court erred in finding that the Motion or Petition to Reinstate provided a proper verification with its motion.
5. Whether the trial court erred in finding that the Motion or Petition to Reinstate was defective.
6. Whether the trial court erred in finding that the Motion or Petition to Reinstate provided a proper affidavit.
7. Whether the trial court erred in finding that the Motion or Petition to Reinstate was properly filed and granted when it failed to cite Pa. R.C.P. 3051, or comply with Pa. R.C.P. 3051.
8. Whether the trial court erred in finding that the Motion or Petition to Reinstate was properly and timely filed pursuant to: Pa.R.C.P. 227.1. [sic].
9. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted providing no opinion, or legal theory to grant a the foregoing motion [sic].
10. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when its petition improperly cited Pa. R.C.P. 230.2, which was suspended at the time it filed the Motion to Reinstate and relied on the rule as its legal authority to do so.

3

11. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when its petition improperly failed to plead, or meet all the requirements inPa. R.C.P 3051 [sic].

12. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when its petition improperly failed to plead specific reasons for delay.

13. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when its petition improperly failed to comply with *Rule 237.3 Relief from Judgment of Non Pros or by Default*.

14. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when its petition improperly failed to provide oral argument prior to opening the judgment.

15. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the court failed to provide for discovery after petition was filed and prior to order granting said petition.

16. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the petitioner failed to comply with the termination order.

17. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the petitioner failed to correct any defects to comply with the Preliminary Termination Order when it filed a Motion to Reinstate.

18. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the petitioner failed to provide specific reasons for failure to prosecutethe case for over 2 years [sic].

19. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the petitioner failed to provide specific reasons for failure to file a timely petition.

20. Whether the trial court erred in finding that the Motion or Petition to Reinstate was granted when the petitioner failed to cite waiver of issues for failure to cite Pa. R.C.P. 3051

Concise Statement of Matters Complained of on Appeal, November 28, 2016.

We first note that Taggart asserts that Pa. R.C.P 230.2 was suspended at the time of Plaintiff's Motion to Reinstate the Complaint, and therefore, this matter is one which constitutes a Petition to Open a Judgment. We will therefore analyze the merits of Deutsche Bank's Motion under Pa. R.C.P. 3051(c), which governs the opening of a judgment of non pros because of docket inactivity.

We also note that relief from a judgment of non pros is discretionary. A ruling will only be overturned if it illustrates "manifest unreasonableness, or partiality, prejudice, bias, or ill-will,

4

or such lack of support as to be clearly erroneous." Womer v. Hilliker, 589 Pa. 256, 273 (Pa. Super. 2006).

In order to open a judgment of non pros for inactivity, the Petition must allege that it was promptly filed and that there is a meritorious cause of action. Additionally, the record must show that the following did *not* occur: 1) there was a lack of due diligence on the part of the Plaintiff for failure to proceed with reasonable promptitude; 2) the plaintiff failed to show a compelling reason for the delay; and 3) the delay caused actual prejudice to the Defendant. Pa. R.C.P. 3051(c).

Here, Deutsche Bank alleges that they were never served with a copy of the September 10, 2015 Termination Order. It is unclear from the docket whether Deutsche Bank was actually served, as a Certificate of Service was not attached to the Termination Order.

Additionally, it is clear that the pleadings assert a meritorious claim. Deutsche Bank has set forth the necessary elements of a mortgage foreclosure action. Deutsche Bank's Complaint alleges that Taggart executed a mortgage and note, that the mortgage applies to Taggart's real property, and that the mortgage was in default.

According to the docket, the delay in docket activity was the result of pending motions filed by both parties. Additionally, Taggart is benefitting, rather than being prejudiced, by the delay, as it allows his continued occupancy of the property despite his alleged default in payment of the mortgage.

Although Rule 230.2 was suspended at the time of the Motion, it was reinstated and amended on December 9, 2015, with the text being effective December 31, 2016. Assuming this section applies, Deutsche Bank's Motion was still proper.

Rule 230.2 has similar requirements as Rule 3051(c). A Petition to Reinstate a Complaint will be granted if filed more than thirty (30) days after termination, as long as: 1) the Petition is timely filed following the entry of termination and 2) there is a reasonable explanation or legitimate excuse for the failure to file both the Statement of Intention to Proceed and the Petition to Reinstate within thirty (30) days.

5

Here, Deutsche Bank did indeed file a Statement of Intention to Proceed pursuant to the Pennsylvania Rules of Civil Procedure. Also, we found Deutsche Bank's claim that the Termination Order was never served, combined with the absence of a Certificate of Service upon Deutsche Bank, to reasonably explain why the Petition to Reinstate the Complaint was filed more than thirty (30) days after the case was terminated.

We also emphasize the equitable considerations unique to this case. Kenneth Taggart has allegedly been in default in mortgage payments for almost eight (8) years. The delay in prosecuting the case only served to benefit the Defendant, as he continues to occupy his residence despite the fact that no payments have allegedly been made since March 2009.

Any prejudice caused by the failure to file a Motion to Reinsate within thirty (30) days is clearly outweighed by the prejudice caused by Taggart's alleged default.

We therefore respectfully urge that our Order reinstating Plaintiff's Complaint in Mortgage Foreclosure be affirmed.

BY THE COURT:

DATE _12/19/16_

_____
ALAN M. RUBENSTEIN,   J.

6

**COPIES SENT TO:**

**Andrew C. Bramblett, Esq.**
Phelan, Hallinan, Diamond & Jones, LLP
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

*Attorney for Plaintiff*       Deutsche Bank National Trust Company

**Joshua L. Thomas, Esq.**
Joshua L. Thomas & Associates
1110 Pocopson Road
PO Box 415
Pocopson, PA 19366

*Attorney for Defendant*       Kenneth J. Taggart

**Joseph D. Seletyn, Esq.**
Prothonotary
Superior Court of Pennsylvania
530 Walnut Street, Suite 315
Philadelphia, PA 19106